Argued December 22, 1975, affirmed January 19, reconsideration denied February 25, petition for review denied March 23, 1976

WEHRMAN, *Petitioner,*

*v.*

PUBLIC WELFARE DIVISION, *Respondent.*

(No. 82-20-HWA934-2, CA 5090)

544 P2d 606

*Joseph G. McKeever,* Lane County Legal Aid Service, Inc., Eugene, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Under the Tax Reduction Act of 1975, Pub L No. 94-12 (March 29, 1975), federal income taxpayers received payments, popularly known as rebates, in the spring and summer of 1975. Petitioner appeals from an administrative determination reducing his public assistance grant by $100—the amount of his tax rebate—on the ground that the rebate was income.

The relevant regulation defines income broadly:

> "Income includes any receipt, payment, gain or benefit in cash, goods or services obtained from any source by gift, contribution, entitlement or compensation." OAR 461-4.030.

Petitioner does not contend that his tax rebate was not income within this definition.

Instead, petitioner's quarrel is with Executive Bulletin 75-14 which provides in part: "the tax rebates * * * will be considered * * * as income available to meet need." Petitioner argues this Executive Bulletin was issued without compliance with the rule-making procedures required by the Administrative Procedures Act, ORS ch 183.

It is obviously petitioner's theory that, had Executive Bulletin 75-14 never been issued, his public assistance grant would never have been reduced by the amount of his tax rebate. This is incorrect. The actual basis for the administrative action was OAR 461-4.030—the general definition of income. Executive Bulletin 75-14, although more specific, was at most an "internal management directive" or an "intra-agency memoranda," thus exempt from the rule-making procedures of the APA. ORS 183.310(7)(a) and (c).

Petitioner also relies on OAR 461-4.100: "* * * income tax refunds may be used to accumulate allowable liquid assets." Apparently, this rule was recently adopted to change an earlier policy, approved in *Walker v. Juras,* 16 Or App 295, 518 P2d 663 (1974), of treating income tax refunds as income. Petitioner

claims that the payment he received under the Tax Reduction Act of 1975 was actually a tax *refund* under federal law and within the meaning of OAR 461-4.100, and should be treated as an asset, not income.[1]

█ Petitioner's contention that his tax rebate or refund should be treated as an asset, assuming his other assets are below the allowed maximum, appears quite plausible. However, petitioner made no such claim before the hearing officer. Instead, there his contentions related only to whether his tax rebate or refund should or should not be considered income. On this record petitioner cannot prevail, because there is no evidence that his other assets are less than the allowed maximum.

Affirmed.

---

[1] "Assets" and "income" are terms of art in public assistance programs. "Assets" are generally allowed to accumulate up to a specified ceiling before there is any impact on the amount of benefits. "Income" generally has an immediate impact on the amount of benefits.

Against this background, it is difficult to reconcile OAR 461-4.030 (defining income) and OAR 461-4.100 (permitting tax refunds to accumulate as assets) and Executive Bulletin 75-14 (tax rebates are income). It may be that the Public Welfare Division is distinguishing between tax refunds, governed by OAR 461-4.100, and tax rebates, governed by OAR 461-4.030 and Executive Bulletin 75-14. If so, such a distinction appears to have no basis in federal law. Or it may be that tax rebates/refunds are allowed to accumulate as assets per OAR 461-4.100 up to the allowed maximum, and are thereafter regarded as income per OAR 461-4.030 and Executive Bulletin 75-14. In any event, the record in this case is not sufficient to attempt a complete reconciliation of the various regulations.