Argued October 29, remanded with directions November 22, 1976

CLARK, *Petitioner,*

*v.*

PUBLIC WELFARE DIVISION, *Respondent.*

(No. F.S.-06/01-, CA 6438)

556 P2d 722

*Robert A. Payne,* North Bend, argued the cause for petitioner. With him on the brief were Julie A. Stevens, and Coos-Curry Counties Legal Aid, Inc., North Bend.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Petitioner appeals an order of the hearing officer denying certain medical expense deductions from petitioner's income for purposes of calculating his entitlement for food stamps. This appeal raises the question whether a provision in the Public Welfare Division Manual[1] is a rule which must be adopted pursuant to the Oregon Administrative Procedures Act (APA) or an internal managment directive which is exempt. ORS 183.310(7).

Petitioner and his family, residents of Coos Bay, were food stamp recipients. One of the petitioner's daughters suffered from a medical condition which required her to attend medical facilities at a Portland, Oregon, hospital. The daughter and her mother drove from Coos Bay to Portland, spent the night in a motel, went to the hospital the next day and then returned home. They incurred expenses for transportation, a motel room and meals while away from home. One of the meals was purchased at the hospital cafeteria. It is anticipated by petitioner that additional overnight trips will be required for his daughter's medical treatment.

Public Welfare Division disallowed all of the incurred expenses as adjustments to the petitioner's household income. The hearings officer allowed deductions for transportation, and the meal purchased in the hospital cafeteria; but disallowed deductions for lodging and all other meals, totaling about $20. He cited section 2505.3 of the *Manual* as the basis of his decision:

> "MEDICAL DEDUCTIONS"
>
> "(1) The total payments for medical expenses, <u>exclusive of special diets, when the costs exceed $10 per month, ($10.01 per household)</u>. * * *
>
> "* * * * *

---

[1]Manual *of Certification and Issuance Section Operations—Food Stamp Program* (Manual).

[ 475 ]

"(5) OTHER DEDUCTIBLE MEDICAL ITEMS
"* * * * *

"(e) Actual medically-related transportation costs (Expenses for lodging or meals in connection with medical appointments or services are not an authorized deduction unless incurred at a medical facility.)[2]

"* * * * *."

The Public Welfare Division promulgated rules pursuant to the APA covering administration of the food stamp program (PWD Rules 40.010 *et seq.*). The particular rule regarding medical deductions from income provides:

"40-060—Deductions from Income in Determining Eligibility

"* * * * *

"(c) Payments for medical expenses, exclusive of special diets, when costs exceed $10 per month per household.

"* * * * *."

In *Burke v. Children's Serv. Div.,* 26 Or App 145, 552 P2d 592 (1976), we said the internal management directive exception to rule making procedure should be narrowly construed. We also recognized the term does not lend itself to precise definition, and concluded:

"* * * Such communications, or 'directives,' affect individuals solely in their capacities as members of the agency involved rather than as members of the general public who may have occasion to deal with the agency. * * *" 26 Or App at 151.

The term "medical expenses" expressed in PWD Rule 40-060 is not a self-defining term, there are numerous medically-related expenses which are arguably deductible. The definition and amplification of this term thus becomes crucial.

The challenged provisions of the *Manual* enunciate

---

[2]Portions of the *Manual* were revised September 1, 1976. Subsection (e) now reads as follows:

"Reasonable costs of transportation necessary to to [sic] secure medical treatment or services."

[ 476 ]

policy decisions which select from the various medically-related expenses, those considered deductible. These policy decisions affect members of the general public applying for food stamps and do not relate solely to the food stamp eligibility workers as employes of the agency. These provisions do not fall under the exception expressed in *Burke v. Children's Serv. Div., supra.* If they are utilized as a basis for determining food stamp entitlement they must be properly adopted rules. The decision of the hearings officer having been made pursuant to invalid rules is itself invalid.

This court cannot undertake to determine if the challenged expenses are in fact deductible and our decision should not be read as making such finding. That is beyond the scope of judicial review. The case must be remanded to the Division for the hearings officer to interpret the term "medical expenses" and apply that definition to the facts presented at the prior hearing and determine if the expenses are properly deductible.

Remanded with instructions.