Argued March 1, reversed and remanded March 21, 1977

GRAY PANTHERS et al, *Petitioners,*
*v.*
PUBLIC WELFARE DIVISION et al, *Respondents.*
(No. CA 7586)

OREGON STATE COMMITTEE FOR
PROGRESS THROUGH LAW, *Petitioner,*
*v.*
PUBLIC WELFARE DIVISION et al, *Respondents.*
(No. CA 7623)
(Cases consolidated)
561 P2d 674

Robert B. Johnstone, Legal Aid Service, Portland, argued the cause and filed the briefs for petitioners Gray Panthers, Ron Wyden and Albert Schoene.

No appearance for petitioner Oregon State Committee for Progress through Law.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Petitioners, pursuant to ORS 183.400, seek to invalidate a directive of the Public Welfare Division (Division) freezing certain programs at their current client levels and refusing to accept new applications. Petitioners contend the agency was required to follow the rule making procedures of the Oregon Administrative Procedures Act, ORS ch 183 (APA), in implementing the freeze.

This case is before us on an agreed statement of facts. Petitioner Gray Panthers is an organization formed to advocate and defend rights of disabled persons and senior citizens. Petitioner Ron Wyden is an Oregon resident and a member of the Gray Panthers. Petitioner Albert Schoene is a disabled person whose application for benefits was denied by the Division.[1]

On December 9, 1976, by an internal office memorandum, the Division directed its staff to deny all new applications for certain social service programs referred to generally as "Adult Services." This was done without following the rule making procedures of the APA. The memoranda implementing this decision justify it as necessary to continue the program within its budgetary allocation.

Petitioners contend the termination action is a "rule" under ORS 183.310(7), and that the Division should have complied with the APA before implementing it. The Division contends the action was an "internal management directive," exempted by ORS 183.310(7) (a) from rule making procedures.

*Burke v. Children's Serv. Div.,* 26 Or App 145, 552 P2d 592 (1976), is the focus of the arguments of both parties. In *Burke,* Children's Services Division had completely terminated all payments to persons in an

---

[1] Public Welfare Division agrees petitioners have standing under ORS 183.400.

assistance program in the face of a budget deficit. Children's Services Division contended the decision was an internal management directive. We held that the action must be taken by a "rule," finding that the exemption for internal management directives should be narrowly construed to include only those communications which affect individuals solely in their capacities as employes of the agency involved.

■ The Division argues the directive in this case is distinguishable from that involved in *Burke,* in that here the directive terminates benefits to future applicants while leaving intact those benefits accorded recipients prior to the effective date of the directive. In *Burke,* the Division argues, the directive was invalidated because it affected continuation of benefits to persons who were already receiving them. While the agency decision in this case affects a different class of persons (future recipients) than in *Burke* (existing recipients) the impact on the public in its dealings with the agencies is not materially different. In each case benefits are terminated for persons who may be otherwise qualified to receive them. The factual distinction urged by the Division, however, does not obliterate the underlying rationale of *Burke.* If the general public who may have occasion to deal with the agency is more directly affected by agency action than the employes of the agency in carrying out their duties, the action must be reflected in a properly enacted rule.

In this instance the impact on the public is direct. Those persons seeking benefits under an existing legislatively mandated program are denied benefits. The decision incorporates a number of policy considerations as to how a budget problem should be met and a selection from alternative approaches.

■■ Petitioners argue, as is set forth in the agreed statement of facts, the budget problem could be handled by reduction of existing benefits, or transfer of funds from other programs administered by the

Division. Petitioners also contest the Division's assertion there will be a deficit in the budgeted funds if the existing programs are continued to include new applicants.

The Division argues to the contrary that the policy decision to terminate future benefits has already been made by the legislature when it allocated a specific amount of money to administer the program and that the Division's decision is foreordained by lack of funds. This argument merely says the Division selected termination of future benefits as the acceptable alternative. In a review proceedings under ORS 183.400 we are not concerned with the correctness of the agency decision but rather with the ultimate impact the decision has and therefore the procedural route to the decision. This clearly is a policy decision in administration of a program and its allocated funds set out in general detail by the legislature.[2] A policy decision of that nature must be announced in a properly promulgated rule. *Clark v. Pub. Wel. Div.,* 27 Or App 473, 556 P2d 722 (1976). Petitioners and other interested persons are entitled to proper notice and an opportunity to be heard in a rule making proceeding before termination of benefits under the existing "Adult Services" programs.[3] Accordingly the case must be remanded to the Division for further proceedings consistent with this opinion.

Reversed and remanded.

---

[2] For example, *see* ORS 412.530 and 413.019.

[3] We note again as we did in *Burke v. Children's Serv. Div., supra,* the Division could have utilized the emergency rule making procedure set forth in ORS 183.335(5).