*[163]
 
 TANZER, J.
 

 Petitioner seeks review of a hearing officer’s order that tribal land payments made to petitioner’s children should be treated as income in computing the family’s food stamp grant.
 

 The facts are not disputed. On November 30,1976, petitioner applied for food stamp benefits on behalf of herself, her husband and their five children. Four of petitioner’s children are members of the confederated tribes of the Umatilla Indian Reservation. As such, they were entitled to receive a pro rata portion of a land claim settlement. Their initial share of the settlement totalled $599.63. In computing petitioner’s December food stamp benefits, the Public Welfare Division (PWD) treated the children’s share of the settlement as income available to the household during that month. The children received their full share of the settlement in December, as anticipated. It is unclear whether the children will receive future payments under the settlement. If future payments are made they will be channeled through the Umatilla Indian Agency. Neither petitioner nor the children have control over the time or amount of such payments. Petitioner made a timely request for a hearing as to the treatment of the land claim settlement award. The hearing officer upheld PWD’s determination that the award should be treated as income available to the household in December.
 

 The hearing officer’s decision was based upon section 2503.21 of PWD’s Food Stamp Manual:
 

 "INDIAN BENEFITS
 

 "(1) Benefit payments received on a regular recurring basis will be treated as income and
 
 prorated
 
 over the period for which such payments are intended to cover.
 

 "(2) Benefit payments received on an irregular basis or when the amount of such payments fluctuate to the extent that the date or amount of payment cannot be anticipated, will be treated as income on an as
 
 received
 
 basis.
 

 
 *[164]
 
 "(3) Benefit payments are sometimes made directly to the Indian Agency instead of to the household. Since such payments are made on behalf of the household they will be treated as income.” (Original emphasis.)
 

 Section 2503.21 was not promulgated pursuant to the rulemaking procedures set forth in the Oregon Administrative Procedures Act (APA). ORS 183.330 to 183.390. Thus, our first inquiry must be whether the Indian Benefits provision of the Food Stamp Manual is a rule as defined in ORS 183.310(7).
 
 [1]
 
 We hold that it is a rule and, because it was not validly promulgated under the APA, it is invalid.
 

 The Indian Benefits provision is an application of a more general rule defining income, the validity of which is not challenged. Oregon Administrative Rules, ch 461, § 40-050 provides:
 

 "Monthly income means all income which is received or anticipated to be received during the month. To compute maximum monthly income for purposes of determining eligibility, income shall mean any of the following but is not limited to:
 

 * * * *
 

 "(1) Rent, dividends, interest, royalties, and all other payments from any source whatever which may be construed to be a gain or benefit * *
 

 We have on two prior occasions, considered similar informal embellishments of validly promulgated rules. In
 
 Wehrman v. Public Welfare Div.,
 
 24 Or App 141, 544 P2d 606
 
 rev den
 
 (1976), we held that an informal "Executive Bulletin” which stated that tax
 
 *[165]
 
 rebates should be considered as income was not a rule within the meaning of ORS 183.310(7) because it was merely a specific application of the broad definition of income set forth in a validly adopted rule. In
 
 Clark v. Pub. Wel. Div.,
 
 27 Or App 473, 556 P2d 722 (1976), we held that a provision in the Food Stamp Manual which defined "medical expenses” was not merely an application of a rule which provides that medical expenses can be deducted from income, but rather it was a definition and amplification of a term used in that rule and that therefore the manual provision itself should have been promulgated as a rule under the APA.
 

 The distinction between
 
 Wehrman
 
 and
 
 Clark
 
 seems to be that in the former case the unpromulgated directive explained what was necessarily required by the existing rules, whereas in the latter case the directive was a policy-based interpretation of choice of an existing rule which could have been otherwise construed. The principle which emerges from these two cases is that an agency’s pronouncement of how a validly promulgated rule operates in a specific context need not itself be promulgated as a rule if the existing rule necessarily requires the result set forth in that pronouncement. There is no reason to require the formalities of rulemaking whenever an agency undertakes to explain the necessary requirements of an existing rule. However, the interpretive amplification or refinement of an existing rule is a new exercise of agency discretion and must be promulgated as a rule under the APA to be valid.
 

 In this case, the Indian Benefits provision in the Food Stamp Manual, although a rational application of the validly promulgated income rule, is not a statement of the way in which the general rule necessarily applies to native American benefits. For example, subsection (3) of the manual provision, which states that payments made directly to an Indian agency rather than to the household should be treated as family income, is not necessarily required by the general income rule. The general rule refers to "money
 
 *[166]
 
 received or anticipated to be received during the month.” This language is susceptible to reasonable interpretations other than the one contained in subsection (3) of the Indian Benefits provision;
 
 e.g.,
 
 it could rationally be interpreted to include spendable money in hand during the month, but not to include money received by an agency on behalf of family members until disbursement to the family. The manual provision therefore represents a policy choice among alternatives allowed by the terms of the general rule. Inasmuch as the Indian Benefits provision is a policy-based interpretation of the income rule, and not just an application of it, it is itself a rule within the meaning of ORS 183.310(7).
 

 Because the Indian Benefits provision was not validly promulgated the hearing officer could not properly dispose of this case merely by citation to it. As an interpretation of the income rule, the Indian Benefits provision was an exercise of agency discretion. Where discretion is involved, the agency may promulgate a rule of general application or it may proceed in the manner of a contested case. If the agency proceeds by rulemaking, the provisions for public participation in the rulemaking process affords some protection against the insulated exercise of administrative discretion.
 
 Sun Ray Dairy v. OLCC,
 
 16 Or App 63, 517 P2d 289 (1973). If it proceeds by contested case, its discretion is also affected by participation of the affected party and judicial review for facts and reason.
 
 McCann v. OLCC,
 
 27 Or App 487, 556 P2d 973
 
 rev den
 
 (1976). In either case, the APA provides for assertion and protection of affected interests whereas inclusion in a field manual allows insular agency policy making which the APA is intended to prohibit. Since the order is predicated upon an invalidly adopted rule, it must be vacated and the matter reconsidered.
 

 Reversed and remanded.
 

 [1]
 

 ORS 183.310(7) provides in pertinent part:
 

 " 'Rule’ means any agency directive, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency. The term includes the amendment or repeal of a prior rule, but does not include:
 

 "(a) Internal management directives, regulations or statements between agencies, or their officers or their employes, or within an agency, between its officers or between employes, unless hearing is required by statute, or action by agencies directed to other agencies or other emits of government.”