Argued October 20, affirmed December 26, 1978

# ALLEN, *Petitioner,*
*v.*
# ADULT AND FAMILY SERVICES DIVISION,
*Respondents.*
## (No. 5-14-SZU842-0, CA 11435)

588 P2d 645

Amy Veranth, Legal Aid Service, Portland, argued the cause for petitioner. With her on the brief was L. Ramsay Weit, Portland.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Thornton, Presiding Judge, and Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

Petitioner seeks judicial review of an order of the Adult and Family Services Division (AFSD) reducing his General Assistance (GA) grant for two months in which he shared housing with persons who were not receiving public assistance. He contends that the regulation which should have been applied to his situation does not require reduction of his grant because his expenses were not actually reduced by his change in living situation. Alternatively, he contends that the regulations actually applied by the hearings officer are contrary to controlling statutes and violate constitutional guarantees of due process and equal protection. We affirm.

At the end of 1977, petitioner was living by himself and paying $85 per month rent. In January, 1978, he moved into a three-bedroom house that was rented by an acquaintance. He sublet space for $110 per month, which was half the total rent and utilities for the house. He occupied the front room, had kitchen and television privileges, purchased his own food and usually cooked his own meals.

As of March 1, 1978, petitioner's GA grant was reduced from $167 to $110 per month. The reduction was based on Oregon Administrative Rule 461-06-010 and accompanying tables, which require "share-fractioning"[1] of GA grants, subject to exceptions which we discuss below.

■ The first question is whether the proper rules were applied. Petitioner contends that his situation is covered by OAR 461-07-020(5), which provides:

> "If shelter is shared with an unrelated person who does not meet the requirements for commercial board and room [defined in the AFSD Manual as housing that is available to anyone who wishes to rent it], that person will be expected to provide at least his or her share of

---

[1] Share fractioning is a reduction of the GA payment based on the presence of others in the same household.

shelter costs (including household supplies and his or her food at AFS standards) *in order to satisfy the requirements of Oregon Revised Statutes 418.140 and 418.145. A determination shall be made as to any additional income actually available to meet any part of the expenses of the assistance unit. In no case will income be deducted which is not actually available.*"

The hearings officer[2] ruled that this subsection applies to a GA recipient who is the primary occupant of the housing and shares his shelter with someone else, but not to petitioner because he shared housing with someone else who was the primary occupant. Subsection (5) appears in tandem with subsection (4)[3] and should be interpreted so as to give effect to each. The latter regulates grants to recipients who rent shelter to others on a commercial basis, and the former appears to regulate grants to recipients who share shelter with others on a non-commercial basis and it is reasonable for AFSD to so apply them. This interpretation is consistent with the reference in subsection (5) to a person other than the recipient who "*does not meet the requirements of commercial room and board*" and by the focus on whether or not the other person provides income to the recipient. In petitioner's living arrangement, on the other hand, the concern is whether petitioner shares benefits with a non-recipient. Assuming for argument that the coverage of the regulation is ambiguous, we defer to AFSD's reasonable interpretation of it. *See, Morse v. Division of State Lands,* 31 Or App 1309, 1313 n 4, 572 P2d

---

[2] Pursuant to OAR 461-09-120, the hearings officer's order was the final order of AFSD.

[3] OAR 461-07-020(4) provides:

"If the A/R [assistance recipient] rents rooms to other persons on a commercial basis, regardless of whether the roomer or boarder is related to the A/R, the total standard shelter allowance shall be included in the grant and the income available to be deducted from the grant shall be the difference between board and room rates prevailing in the community and the cost of providing board and room. No part of this board and room payment shall apply against any legal liability of a relative to support the A/R."

1075 *rev den* (1978); *Carnation Co. v. Dept. of Agriculture,* 7 Or App 223, 231, 488 P2d 1385 (1971).

Petitioner next contends that if OAR 461-07-020(5) does not apply to his situation, both ORS 411.710(1)[4] and the Due Process Clause of the Fourteenth Amendment require that the amount of a GA grant be determined according to the actual circumstances of the individual case and that any rule of general application must yield in specific cases. Because sharing of housing did not actually reduce his shelter costs, petitioner argues, he should have an opportunity to rebut the presumption of reduced need that is implied in the rule requiring share-fractioning of his grant.

■■ Petitioner's argument logically would reduce any administrative classification regarding need from a rule to a disputable presumption subject to individualized adjustment whenever an unsatisfied recipient could show expenses greater than the standard grant. Neither the statute nor due process mandates individual adjudication or forbids reasonable rules of general application. It is enough that the administrative rules constitute a reasonable means of determining need. That is the case here. AFSD may reasonably assume that persons who share housing enjoy economies of scale regarding, for example, kitchen facilities and utilities, that are not available to persons who live alone. Therefore, a rule that the amount of shelter allowance varies inversely with the number of persons sharing housing is a reasonable, if approximate, index of minimum shelter costs.[5] Even though it does not

---

[4] ORS 411.710(1) provides:

"General assistance shall be granted in accordance with the rules and regulations of the division and on the basis of need, taking into account the income, resources and maintenance available to the individual from whatever source derived and his necessary expenditures and the conditions existing in each case."

[5] Moreover, it would be virtually impossible for AFSD to make consistent and objective determinations of need on a case-by-case basis. What factors are to be used to distinguish need from convenience, comfort or personal preference? In this case, for instance, there is no showing that petitioner needed to change his living arrangements; in fact, his testimony implies that he did so as a favor to his new landlady, who needed financial assistance.

correlate perfectly with the individual's need in each case, a rational classification like this one offends neither due process nor equal protection. *Weinberger v. Salfi,* 422 US 749, 767-73, 95 S Ct 2457, 45 L Ed 2d 522 (1975); *Dandridge v. Williams,* 397 US 471, 479-80, 485, 90 S Ct 1153, 25 L Ed 2d 491 (1970).[6]

■ ■ The remainder of petitioner's contentions focus on provisions in the AFSD Manual which limit the scope of the general rule in OAR 461-06-010 that "GA one person grants are share fractioned when the recipient shares housing." First, the Manual provides that a GA grant will not be reduced it the recipient rents housing which is available to the general public on a commercial basis:

> "A recipient renting housing which requires sharing some facilities with the landlord or other tenants under a commercial situation is considered to be living in separate housing and is allowed a full shelter standard. The essential factor in determining whether housing is separate and not shared is whether it is made available on a commercial basis, not the living situation itself. 'Commercial basis' means that the housing has been made available to anyone who wishes to rent it. * * *"[7]

Second, even if shelter is not rented on a commercial basis, a GA grant might not be share-fractioned if the recipient shares housing with other recipients:

> "In GA when shelter is shared with other recipients, each grant shall be budgeted as a separate household with full shelter allowance if:
>
> "a. There are no non-recipients living in the home; and

---

[6]The cases on which petitioner relies for the unconstitutionality of an "irrebuttable presumption" are persuasively distinguished in *Weinberger,* 422 US at 767-73. *See also,* Note, *The Irrebuttable Presumption Doctrine in the Supreme Court,* 87 Harv L Rev 1534 (1974).

[7]This provision was not promulgated as a rule pursuant to ORS 183.335. It is nonetheless valid because it does not modify the substance of the share-fractioning requirement in OAR 461-06-010 but merely provides reasonable guidelines for consistent application of the rule. *See* ORS 183.310(7); *Wehrman v. Public Welfare Div.,* 24 Or App 141, 143, 544 P2d 606 *rev den* (1976).

"b. The case record documents that the shared housing provides sufficient privacy and adequate sleeping accommodations and does not appear to jeopardize the physical or emotional development of any person in the household." AFSD Staff Manual, II-VII-B.

Thus, petitioner's GA grant was reduced not simply because he shared housing, but because he rented his shelter on a noncommercial basis and lived with persons who were not receiving public assistance. He contends that the Manual definition of "commercial basis" is not a rational means of determining reduced need and that the distinction between recipients who share housing with other recipients as opposed to those who live with nonrecipients is arbitrary and violates the Equal Protection Clause of the Fourteenth Amendment. To the contrary, however, there is a reasonable basis for both classifications.

A legislative classification is lawful if it is rationally related to the achievement of a valid legislative purpose and involves no invidious discrimination. *Weinberger v. Salfi,* 422 US 749, 769-70, 95 S Ct 2457, 45 L Ed 2d 522 (1975). While the primary purpose of the AFSD regulations under discussion is to provide public assistance according to the need of the recipients, a strong subsidiary policy is that benefits should not be shared with persons who are not entitled to receive them. *See* ORS 411.620-411.640; 418.140 and 418.145. Where the landlord-tenant relationship is not based on an arm's-length commercial agreement, there is some danger that the GA recipient will pay more than the fair market value of his share of shelter and utilities. This case provides an apt example: petitioner paid half the rent and utilities for one room in a three-bedroom house which he shared with three and sometimes four other persons.[8] The AFSD regulations requiring share-fractioning of a recipient's grant

[8]Petitioner's testimony also reveals the absence of an arm's-length, commercial rental agreement: "I originally rented the room, I needed some space and she agreed to rent the front room and * * * she needed, you

in such situations are a rational means of ensuring that a recipient pays no more for shelter than is required by the commercial housing market and that the recipient's grant does not subsidize persons who are not eligible for public assistance.

Similar considerations justify the AFSD Manual provision that recipients who share housing with nonrecipients incur a grant reduction while those who share with other recipients do not. This reduction, like that discussed above, is a reasonable precaution to avoid the possibility that GA benefits might be shared with persons who are not entitled to them. As to the exception for sharing with other recipients, AFSD may recognize that GA benefits are minimal and that pooling of resources by recipients may be necessary or desirable to obtain adequate housing. Therefore, no reduction in benefits is mandated where recipients share housing that adequately meets individual needs, apparently because there is little or no danger in such cases that a recipient will receive unreported income in exchange for a portion of his GA grant. That is a reasonable basis for distinguishing between sharing housing with other recipients and sharing with non-recipients.

█ Because the rule and manual provisions and their application in this case are valid, we affirm AFSD's order.

Affirmed.

─────────

know, she had a couple of kids * * * so I said okay, I'll tell you what — I'll keep the front room to myself and I'll help you out financially because * * * she was pregnant, I knew her before, I had known her, so I gave her $110."

Petitioner urges that the "commercial basis" rule denies full shelter allowance to recipients who enter into arm's-length rental agreement with landlords who choose, for example, not to rent to families with children and therefore do not meet the rule's requirement that the housing be "made available to anyone who wishes to rent it." Because there is substantial evidence that petitioner's rental agreement was not an arm's-length transaction, we do not consider the application of the rule to hypothetical tenant qualifications not presented by this case.