Argued and submitted April 29, reversed and remanded July 6, 1983

In the Matter of the Compensation of
George A. Fulgham, Claimant.

FULGHAM,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(79-09355; CA A26244)

666 P2d 850

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant[1] appeals from an order of the Workers' Compensation Board (Board) affirming the presiding referee's dismissal of claimant's request for hearing for want of prosecution. We reverse.

The facts relevant to this appeal are not in dispute. On October 29, 1979, claimant filed, *pro se,* a request for hearing, contesting the denial of his claim for compensation. On January 16, 1980, an Ontario lawyer, Bentz, notified the Board that he would be representing claimant at the hearing. The Board notified the parties on March 6, 1980, of a pretrial conference set for April 2, 1980, in Ontario; however, SAIF notified the Board on March 19 that it would be too inconvenient for any of its attorneys or representatives to attend a settlement conference in Ontario, and requested that a hearing be set in Bend.

On March 21, 1980, claimant's Ontario attorney filed an application to schedule a hearing and on May 19, 1980, a notice of substitution of attorneys was filed indicating that claimant was represented by Cash Perrine, an attorney in Bend. On May 20, 1981, the presiding referee ordered claimant to show cause why his request for hearing should not be dismissed for his failure to apply for a hearing date. Claimant's Bend attorney filed a separate application to schedule the hearing on June 3, 1981. Although no hearing was scheduled, the order to show cause was vacated on July 2, because the Board's long-established practice had been to treat a request for a hearing date as an adequate response to an order to show cause.

On July 20, 1981, claimant's Bend counsel moved the Board for authorization to take the deposition of a witness. That motion was granted on September 8. Meanwhile, on July 30, the presiding referee mistakenly ordered claimant's former counsel, Bentz, to attend a settlement conference. Bentz immediately notified the presiding referee of the error. Nonetheless, the presiding referee sent a letter, dated August 19, to Bentz advising him that he should respond to the motion for deposition as an adverse party to claimant.

[1] During the course of this appeal, claimant died. His wife has been substituted as a party under ORS 656.204 and ORS 656.218.

On August 21, claimant's Bend attorney wrote the Board requesting a telephone settlement conference as an apparent substitution for the one that Bentz had been mistakenly ordered to attend. Bentz wrote to the presiding referee on August 28, asking him to stop sending notices and correspondence to him rather than to claimant and his current counsel in Bend.

On January 28, 1982, a notice of hearing to be held in Ontario was issued and sent to claimant. SAIF moved to postpone that hearing and to have it reset in Bend, where all of the parties were located. On February 22, 1982, that postponement was granted.

At an unspecified, but later, date the Board sent someone (the record does not disclose whom), a notice that claimant would be ordered to show cause why his request for hearing should not be dismissed for failure to prosecute, unless claimant filed a third application to schedule a hearing by March 24, 1982. Apparently no third application to schedule was filed, and on April 26, 1982, a show cause order was issued. Claimant's attorney thereupon filed an application to schedule a hearing.

He was notified on June 9, 1982, that filing an application to schedule a hearing was an inadequate response to the show cause order and was given 15 days to respond further. Claimant's attorney failed to file any further documents, and on July 16, the presiding referee dismissed the request for hearing for failure to prosecute. The Board affirmed.

■ In its order of dismissal, the Board relied on OAR 436-83-310, which provides:

> "A request for hearing may be dismissed for want of prosecution where the party requesting the hearing occasions delay of more than 90 days without good cause."

That rule is conceded to have been validly adopted pursuant to the Administrative Procedures Act; however, there are no other rules setting forth the procedure by which the rule is to be effectuated. The prior practice of the Board in issuing orders to show cause why a case should not be dismissed, and in accepting a request for a hearing date as complying with that order, are procedures for carrying out the validly adopted rule. Although the validity of the former procedures is not

before us, they describe "the procedure or practice require-
ments of an agency," ORS 183.310(8),[2] and constitute rules
under the APA. However, in the absence of a judicial declara-
tion of invalidity, the procedures were binding on the Board
until repealed or amended according to procedures required by
the APA. *See Burke v. Children's Services Division,* 288 Or 533,
538, 607 P2d 141 (1980).[3]

Here, the Board attempted to change its long-stand-
ing procedures for enforcing the valid rule by publishing in its
publication, "Case News and Notes," a statement[4] announcing

[2] ORS 183.310(8) provides:

" 'Rule' means any agency directive, standard, regulation or statement of
general applicability that implements, interprets or prescribes law or policy, or
describes the procedure or practice requirements of any agency. The term includes
the amendment or repeal of a prior rule, but does not include:

"(a)    Unless a hearing is required by statute, internal management direc-
tives, regulations or statements which do not substantially affect the interests of
the public:

"(A)  Between agencies, or their officers or their employes; or

"(B)  Within an agency, between its officers or between employes.

"(b)    Action by agencies directed to other agencies or other units of
government which do not substantially affect the interests of the public.

"(c)    Declaratory rulings issued pursuant to ORS 183.410 or 305.105.

"(d)    Intra-agency memoranda.

"(e)    Executive orders of the Governor.

"(f)    Rules of conduct for persons committed to the physical and legal
custody of the Corrections Division of the Department of Human Resources, the
violation of which will not result in:

"(A)  Placement in segregation or isolation status in excess of seven days.

"(B)  Institutional transfer or other transfer to secure confinement status for
disciplinary reasons.

"(C)  Disciplinary procedures adopted pursuant to ORS 421.180."

[3] In *Burke v. Children's Services Division, supra,* 288 Or at 538, the court said:

"It is true that a rule may be declared by a court to be invalid if it was adopted
without the proper procedures. * * * *In the absence of such a declaration,* however,
it remains an effective statement of existing practice or policy, *binding on the
agency, until repealed according to procedures required by the Administrative
Procedures Act. An agency may not rely on its own procedural failures to avoid
the necessity of compliance with its rules.*" (Emphasis supplied.)

[4] The statement in "Case News and Notes" was:

"When requests for hearing have been pending a long time without apparent
action, the Hearings Division now issues Order to Show Cause why the request

the change in its practice and stating that, with respect to orders to show cause issued after April 1, 1982, an application to schedule would not be regarded as a sufficient response to the order. In *Burke v. Public Welfare Div.*, 31 Or App 161, 165, 570 P2d 87 (1977), we distinquished those agency pronouncements that need not be promulgated as a rule to be valid and those that do require promulgation under the APA. We stated:

> "The distinction between *Wehrman [v. Public Welfare Div.,* 24 Or App 141, 544 P2d 606, *rev den* (1976)] and *Clark [v. Pub. Wel. Div.,* 27 Or App 473, 556 P2d 722 (1976)] seems to be that in the former case the unpromulgated directive explained what was necessarily required by the existing rules, whereas in the latter case the directive was a policy-based interpretation of choice of an existing rule which could have been otherwise construed. The principle which emerges from these two cases is that an agency's pronouncement of how a validly promulgated rule operates in a specific context need not itself be promulgated as a rule *if the existing rule necessarily requires the result set forth in that pronouncement.* There is no reason to require the formalities of rulemaking whenever an agency undertakes to explain the necessary requirements of an existing rule. However, *the interpretive amplification or refinement of an existing rule is a new exercise of agency discretion and must be promulgated as a rule under the APA* to be valid." (Emphasis supplied.)

■ There is nothing in OAR 436-83-310 that requires any particular procedure to effectuate it; either the former or "new" procedure, or some different method, could be used to carry it out. Because the former procedure is not challenged and has not been judicially invalidated, we view the procedure outlined in the Board's periodical as being "the interpretive amplification or refinement of an existing rule," a new exercise of agency discretion requiring promulgation as a rule under the APA in order to be valid.

---

should not be dismissed as abandoned. The policy in the past was that an Application to Schedule for Hearing was a sufficient response to the Show Cause Order. The Show Cause Order would be vacated, and the case would be sent to the Docketing Section.

"Effective for Show Cause Orders issued after April 1, 1982, an Application to Schedule will no longer be regarded as a sufficient response to a Show Cause Order. After a Show Cause Order has been issued, the request for hearing will be dismissed unless good cause not to do so is shown notwithstanding submission of an Application to Schedule."

Claimant fulfilled the requirements of the former procedures in responding to the order to show cause. Furthermore, if we examine the case under OAR 436-83-310, there is no evidence that claimant was responsible for the delays in obtaining a hearing in this case. Rather, all of the delays appear to have been attributable to mistakes on the part of the Board or to requests for postponement by SAIF. In either case, the Board erred in dismissing claimant's request for hearing for want of prosecution.

Reversed and remanded for hearing before a referee.