Argued and submitted May 11, reversed and remanded
for reconsideration August 24, 1983

SAPP,
*Petitioner,*

*v.*

ADULT & FAMILY SERVICES DIVISION,
*Respondents.*

(2-2002-AE6011-9; A24469)

668 P2d 441

Roberta J. Lindberg, Eugene, argued the cause for petitioner. With her on the briefs was Lane County Legal Aid Service, Eugene.

William F. Nessley, Jr., Assistant Attorney General, Salem, argued the cause for respondents. With him on the

brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Adult and Family Services Division (AFSD) closed petitioner's Aid to Dependent Children (ADC) grant for him and three of his minor children, because he and a woman, who was also receiving ADC benefits for herself and her child, were living together as "husband and wife." AFSD combined the two "assistance units" into one, thereby reducing the amount of aid available to each beneficiary.[1] Petitioner contested the cancellation of his grant, ORS 418.125, but the referee approved it. Petitioner petitioned for review to this court. On July 8, 1982, while review was pending, AFSD withdrew its final order for reconsideration.[2]

On September 2, 1982, Congress amended the Social Security Act regarding Aid to Families with Dependent Children (AFDC) payments when families receiving aid share housing with others. On September 8, 1982, AFSD amended its rule regarding the composition of assistance units. The federal Department of Health and Human Services thereafter adopted interim regulations implementing the amendments to the Social Security Act. On October 11, 1982, AFSD issued its reconsideration order, based on its new rule, approving the referee's order. Petitioner then filed a supplemental brief.

Petitioner and his three children had been receiving an ADC grant because of the continued absence of the children's mother. At the time of the hearing, he had been sharing housing for a year and a half with a woman who had also been receiving an ADC grant for herself and her child. Petitioner and the woman are not married, although they are the parents of a child born in November, 1981, who was not included in either ADC grant.[3] They split the cost of housing and utilities, and the household receives food stamps as a single unit. They

---

[1] The consolidation of the two units resulted in a reduction of $138 each month in the total amount previously paid to both assistance units. It is not clear from the record how much each of the two units was separately receiving before the reduction.

[2] ORS 183.482(6) allows an agency, after the filing of a petition for review, to withdraw its order for "purposes of reconsideration." Petitioner does not argue that that was not the purpose of the withdrawal in this case or that the statute does not allow an agency to withdraw its order in order to promulgate a rule to apply to the contested case that is the subject of the order.

[3] This child could not be included under either ADC grant, because he lived with both parents. ORS 418.035(1).

receive a housing subsidy based on the need of their child. However, they do not pool their ADC money; each check is used solely for the support of the particular payee's children.

■     The first question is whether AFSD had the authority to terminate petitioner's ADC grant at the time of the hearing before the referee. ORS 418.045(1) provides:

> "The need for and amount of aid to be granted for any dependent child or relative pursuant to ORS 418.035 to 418.172 shall be determined, in accordance with the rules and regulations of [AFSD] * * *."

Furthermore, ORS 411.070 states:

> "[AFSD] shall by rules and regulations fix uniform state-wide standards for all public assistance programs[4] and effect uniform observance thereof throughout the state. * * *"

These statutes make clear that AFSD is authorized to determine the amount and need for aid only on the basis of promulgated rules, rather than on an *ad hoc* basis in a contested case proceeding. *See Oliver v. Employment Division,* 40 Or App 487, 493-494, 595 P2d 1252 (1979).

At the time of the referee's order, the rule defining "assistance unit" stated:

> "An assistance unit consists of the persons in a household whose needs are included in one assistance grant. The applicant, his/her spouse and other legal dependents in the household may be included in the assistance unit if they are in need and meet applicable requirements and standards. The assistance unit may also include a needy person living in the household and performing a service essential to the well-being of the client. The spouse or legal dependants are not included in the assistance unit if receiving assistance through another grant of assistance, and in the OAA, AB, and AD programs a spouse is not included unless he/she is unemployable, providing essential care, or eligible in his/her own right. A person has the right of choice to receive either SSI or ADC, but cannot receive both concurrently." OAR 461-04-015.

----

[4]Aid to Dependent Children is included in public assistance. ORS 411.010(3).

No claim is made that petitioner was disqualified under this rule.[5] The change in aid was based on a provision in the AFSD staff manual:

"Number of Assistance Units in a Household. . .

"* * * * *

"d. When two or more adults who each have children share a household, separate assistance grants may be established for each adult and his/her children. However, even when a married couple or a couple living together as husband and wife have only children from previous marriages or relationships, the needs of the couple and his and her children will be included on one grant." AFSD Staff Manual Sec. II-XI-A-2-d.

■ Because OAR 461-04-015 did not support that provision in the staff manual provision, the agency could not use the provision as a basis for determining ADC benefits without promulgating it as a rule in a formal rulemaking procedure. *Ortiz v. Adult & Family Services Division,* 45 Or App 925, 928-929, 609 P2d 1309 (1980); *Burke v. Public Welfare Div.,* 31 Or App 161, 165, 570 P2d 87 (1977); *Clark v. Pub. Wel. Div.,* 27 Or App 473, 477, 556 P2d 722 (1976).

AFSD argues that the amendments to OAR 461-04-105 made while the referee's order was withdrawn for reconsideration apply retroactively and that, under the amended rule, petitioner is ineligible for a separate grant. Petitioner argues that the rule is in conflict with federal law, "legislates" common law marriage and violates equal protection under the federal Constitution.

The amended rule provides:

"(4) When two or more adults who each have children share a household but are not living together as husband and wife, separate ADC grants may be established for each adult and his/her children.

---

[5] Neither could such a claim be correctly made. 45 CFR § 233.20(a)(2)(vi) provides:

"If the State chooses to establish the need of the individual on a basis that recognizes, as essential to his well-being, the presence in the home of other needy individuals, (a) specify the persons whose needs will be included in the individual's need, and (b) provide that the decision as to whether any individual will be recognized as essential to the recipient's well-being shall rest with the recipient."

"(5)    To include a married couple or unmarried couple living together as husband and wife who share living expenses in an ADC assistance unit, there must be a basis of deprivation (death, continued absence, or incapacity of a parent) for each child.

"* * * * *

"(b)    If an unmarried couple lives together as husband and wife and share household expenses:

"(A)    The needs of the couple and all of the child(ren) from previous relationships will be included in an ADC grant. * * *"

The reconsideration order concluded:

"While this proceeding was under reconsideration, the Adult and Family Services Division adopted new administrative rules relating to the make-up of assistance units, in part because the rules previously were not complete enough to clearly apply to the facts of the case * * *.

"Upon examination and comparison of the new OAR with the old, the Hearing Officer sees no essential change in the impact of the Rule on the facts before us. * * *"

At the time of the hearing before the referee, the Department of Health and Human Services' regulation with respect to households with two adults receiving AFDC grants provided:

"A State plan must:

"* * * * *

"Provide that the money amount of any need item included in the standard will not be prorated or otherwise reduced solely because of the presence in the household of a non-legally responsible individual; and the agency will not assume any contribution from such individual for the support of the assistance unit." 45 CFR § 233.20(a)(2)(viii).

However, on September 3, 1982, the federal Tax Equity and Fiscal Responsibility Act of 1982 became law. Section 155 amended section 412 of the Social Security Act (42 USC § 612) to read:

"A State plan for aid and services to needy families with children may provide that, in determining the need of any dependent child or relative claiming aid who is living with other individuals (not claiming aid together with such child or relative), the amount included in the standard of need, and the

payment standard, applied to such child or relative for shelter, utilities, and similar needs may be prorated on a reasonable basis, in such manner and under such circumstances as the State may determine to be appropriate. * * *"

After this amendment, the Department of Health and Human Services adopted a new regulation, effective October 1, 1982, governing the AFDC program. 45 CFR § 233.20(a)(5) now provides:

"A State plan * * * must:

"(i)     Provide that the State agency may prorate allowances in the need and payments for shelter, utilities, and similar needs when the AFDC assistance unit lives together with other individuals as a household; except that the State shall not prorate with respect to any person receiving SSI to whom the statutory one-third reduction (section 1612(a)(2)(A)(i) of the Act) is applied.

"(ii) If the State agency elects to prorate allowances for shelter, utilities, and similar needs, the State plan must:

"(A)     Define shelter, utilities, and similar needs and describe the procedure which will be used to prorate the allowances;

"(B)     Provide that the allowances will be prorated on a reasonable basis; and

"(C)     Specify the circumstances under which proration will occur, including a description of which individuals are considered to be living with an AFDC assistance unit as a household."

■       The new federal statute and its implementing regulation recognize that when two or more adults with dependent children share a household, the cost of "shelter, utilities, and similar needs" for each child is likely to be less. Proration is presumably allowed for only those specific needs because other needs, e.g., food, clothing and personal incidentals, are not likely to be similarly reduced. AFSD's new regulation makes no distinction between "shelter, utilities, and similar needs" and other needs. Unmarried persons living together as "husband and wife" who share "household expenses" are treated as a single assistance unit, and the standards for payment takes into consideration food, clothing and personal incidentals, as well as shelter and utilities. OAR 461-06-005. Insofar as OAR

461-04-015(b)(A) purports to prorate needs besides those enumerated in the federal statute, it is inconsistent with it and is invalid under the Supremacy Clause of the federal Constitution. US Const, Art VI; *see Miller v. Youakim,* 440 US 125, 99 S Ct 957, 59 L Ed 2d 194 (1979); *Townsend v. Swank,* 404 US 282, 92 S Ct 502, 30 L Ed 2d 448 (1971); *Koziarski v. Director, Mich. Dept. of S.S.,* 83 Mich App 15, 272 NW2d 183 (1978); *Gurley v. Wohlgemuth,* 421 F Supp 1337 (ED Pa 1976).

Because of our conclusion on the validity of the rule as applied, we need not address petitioner's other arguments that it cannot be applied retroactively and violates the federal Equal Protection Clause. *But see Gooderham v. AFSD,* 64 Or App 104, 667 P2d 551 (1983); *Townsend v. Swank, supra,* 404 US at 291.

The reconsideration order is reversed and remanded for reconsideration.[6]

---

[6] We also note that AFSD failed to define "shelter, utilities and similar needs" and to describe the procedure to be used to prorate the allowances. It is also questionable whether the rule prorates the allowances on a reasonable basis. 45 CFR § 233.20(a)(1)(i) provides that a state AFDC plan must:

"Provide that the determination of need and amount of assistance for all applicants and recipients will be made on an objective and equitable basis and all types of income will be taken into consideration in the same way except where specifically authorized by Federal statute * * *."

Although petitioner does not cite this regulation, it is arguable that the Oregon regulation, which treats the needs of children of unmarried persons living as husband and wife who share household expenses differently from those of children of unmarried persons living together other than as husband and wife who share living expenses, is inconsistent with this regulation — that is, it treats the income of the live-in "pseudo-spouse" as available but not the income of the live-in "non-pseudo-spouse."