Argued and submitted March 26, reversed and remanded for reconsideration
May 21, 1986

FIELDER,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES DIVISION
*Respondent.*

(HEY-2-2201-481-5; CA A33752)

719 P2d 79

Gilbert B. Campbell, Oregon Legal Services Corp., Albany, argued the cause and filed the briefs for petitioner.

Kendall M. Barnes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Van Hoomissen, Judges.

WARREN, J.

## WARREN, J.

Petitioner seeks review of an order of the Adult and Family Services Division (AFSD) which determined that she was not entitled to additional benefits with respect to her Aid to Dependent Children (ADC) grant. Petitioner contends that AFSD illegally combined her grant with her male housemate's by forming one assistance unit, which had the effect of reducing benefits for petitioner and her children. She claims that the order is based on a rule which we declared invalid as applied in *Sapp v. AFSD,* 64 Or App 353, 668 P2d 441 (1983), a case with similar facts.

Petitioner shares a household with Fowler. She has four children from a previous relationship, and he has five children from a previous relationship. The couple also has two children from their relationship. Before August, 1983, petitioner and Fowler received separate ADC grants for themselves and their children; the two common children were included in Fowler's grant after August, 1983, because he was disabled. In August, 1983, the two assistance units were combined into one unit pursuant to *former* OAR 461-04-015(5).[1] Combining the two grants into one assistance unit had the effect of reducing the total benefits paid by approximately 13 percent. The decrease affected benefits for "food, shelter, utilities, similar needs, clothing, personal incidentals, and household supplies." OAR 461-06-005.

In *Sapp v. AFSD, supra,* we held that *former* OAR 461-04-015(5)(b)(A) was invalid under the Supremacy Clause, insofar as it prorated benefits for needs other than "shelter, utilities, and similar needs" when two or more unmarried adults with dependent children share a household. Federal law

---

[1] This section is still in effect and is currently numbered OAR 461-04-015(7). The section provides:

"(a) To include a married couple or unmarried couple living together as husband and wife who share living expenses in *an ADC assistance unit,* there must be a basis of deprivation (death, continued absence, or incapacity of a parent) for each child:

"* * * * *

"(b) If an unmarried couple lives together as husband and wife and share household expenses:

"(A) The needs of the couple and all of the children from previous relationships will be included in *an* ADC grant * * *." (Emphasis supplied.)

permits AFSD to prorate allowances only for "shelter, utilities, and similar needs" when an assistance unit lives with other individuals in a household. Federal law also requires that the state agency must define those needs, describe the procedure used to prorate, prorate on a reasonable basis and specify the circumstances in which proration will occur. 45 CFR § 233.20(a)(5).

AFSD concedes that its order in this case impermissibly prorated petitioner's benefits for needs other than "shelter, utilities, and similar needs," and the parties agree that the only issue for this court is to fashion a remedy. Because the agency has not promulgated a valid rule under which it may prorate allowances for only the permissible needs, AFSD concedes that petitioner is entitled to recover the difference between what she actually received and what she would have received in the absence of a combination of the two assistance units into one. The parties disagree how that amount is to be computed.

AFSD's order incorporated a table showing, for each of the twelve months in issue, what petitioner and Fowler would have received as separate assistance units, their combined grant and the difference between the combined grant and what the separate payments would have totaled. Petitioner claims entitlement to the total of the differences between the combined and the separate grants, $1,780. AFSD argues that that figure also includes money by which Fowler's separate grant was reduced and that, because he is not a party to this proceeding, petitioner would receive a windfall if she recovers 100 percent of that figure. AFSD suggests that petitioner should recover 50 percent of the amount, $890. We agree that petitioner is not entitled to 100 percent of the sum of the differences, and we do not know whether 50 percent is an appropriate award. Petitioner is entitled to recover the difference between what she would have received as a separate grant and the portion of the combined grant which is attributable to her five-person family. We remand to AFSD to determine the award.

Reversed and remanded for reconsideration.