Argued and submitted September 29, 1983, reversed and remanded for reconsideration
February 22, 1984

# GUERRERO,
## *Petitioner,*
*v.*
# ADULT AND FAMILY SERVICES DIVISION,
## *Respondent.*

(2-3001-AF4607-4; CA A26100)

676 P2d 928

Daniel W. Brandt, Pendleton, argued the cause and filed the briefs for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Adult and Family Services Division (AFSD) suspended petitioner's Aid to Dependent Children (ADC) benefits for eleven weeks in 1981, because she failed to pursue an unemployment compensation claim. At that time, AFSD's regulations required that ADC recipients pursue unemployment compensation claims as a condition of eligibility.

In 1982, the United States District Court for Oregon held that AFSD could not deny ADC benefits on that ground when a child under age 3 was included in the grant. *Bowling v. Hegstrom,* No. 81-376 JU (D Or, Jan. 11, 1982). One of petitioner's children was under age 3. Thereafter, petitioner's benefits were reinstated prospectively. Her request for retroactive payments was denied by AFSD.[1] The agency explained that its administrative rules did not provide for retroactive payments, except for underpayments resulting from an error in administering division policy;[2] because its policy in effect at the time of the denial here provided for the action taken, the denial was not erroneous, and no retroactive payment was required. Petitioner appealed. ORS 183.482(1).

After petitioner appealed, AFSD withdrew its order for reconsideration. Applying a new administrative rule promulgated while its reconsideration was pending, AFSD then reaffirmed its earlier decision.[3] Petitioner appeals. ORS 183.482(6).

---

[1] The *Bowling* court did not order retroactive payment of suspended benefits. *See Quern v. Jordan,* 440 US 332, 99 S Ct 1139, 59 L Ed 2d 358 (1979).

[2] In entering its original order, AFSD relied on *former* OAR 461-07-200, which provided in relevant part:

"The following retroactive payments may be authorized by the Adult and Family Services Division branch office:

"(1) Administrative error underpayments back to the date the underpayment first occurred * * *. *Other retroactive payments may be authorized through the administrative hearing procedure.*" (Emphasis supplied.)

AFSD also relied on an Attorney General's Executive Letter advising the agency that it

"* * * is not required to make retroactive payments since AFS administrative rules do not provide for retroactive payments except for administrative underpayments resulting from an error in administering AFS policy in effect at the time of decision."

[3] AFSD amended OAR 461-07-200, effective January 1, 1983, to provide:

Petitioner contends that it was improper for AFSD to apply its amended rule on reconsideration. She argues that, if that procedure is permitted,

"* * * there will be no effective remedy remaining in the Administrative Procedures Act for violation of rules. The agency will have no incentive to comply with the Administrative Procedures Act and the public will have no reason to attempt enforcement of its statutory right."

AFSD responds that there is no constitutional or statutory prohibition against applying an amended rule on reconsideration and that, in any event, the old rule supports the agency's policy of denying retroactive benefits except in enumerated cases.

The amended rule contains no retroactivity clause.[4] That does not prevent retroactive application, however, for administrative rules may be applied retroactively if that is reasonable under the circumstances. *Gooderham v. AFSD,* 64 Or App 104, 108, 667 P2d 551 (1983); *see* Davis, 2 Administrative Law Treatise 109, § 7:23 (2d ed 1979). Retroactive application of a rule that does not by its terms provide for retroactivity is not favored. In *Derenco, Inc. v. Benj. Franklin Fed. Savings & Loan,* 281 Or 533, 539 n 7, 557 P2d 477, *cert den* 493 US 1051 (1978), the Supreme Court noted:

"Statutes or regulations which say nothing about retroactive application are not applied retroactively if such a construction will impair existing rights, create new obligations or impose additional duties with respect to past transactions. *Joseph v. Lowery,* 261 Or 545, 547, 495 P2d 273 (1972); *Kempf v. Carpenters & Joiners Union,* 229 Or 337, 341-43, 367 P2d 436 (1961)."

---

"The following retroactive payments may be authorized by AFS:

"(1) Administrative error underpayment caused by failure to follow the policy in effect at the time of the original payment. The retroactive payment may be authorized back to the effective date of the underpayment * * *."

The effect of this amendment was to delete the agency's authority to make retroactive payments "authorized through the administrative hearings procedure."

[4] We do not comment on whether it was appropriate under ORS 183.482(6) for AFSD to withdraw an order to amend the rule it applied. *Sapp v. AFSD,* 64 Or App 353, 355 n 2, 668 P2d 441 (1983); *See Gooderham v. AFSD,* 64 Or App 104, 107 n 2, 667 P2d 551 (1983).

*See Bradley v. Richmond School Board,* 416 US 696, 94 S Ct 2002, 40 L Ed 2d 476 (1974); *Gooderham v. AFSD, supra,* 64 Or App at 109 n 6.

■    In determining whether application of the amended rule was reasonable, we focus on whether the change in the rule prejudicially affected petitioner's rights. *See Bradley v. Richmond School Board, supra,* 416 US at 717. Petitioner was denied benefits under an AFSD policy that was later found unlawful by a federal court. The benefits she was receiving were essential to her and her children's existence. These facts give petitioner at least a colorable claim that the benefits should have been awarded retroactively. Therefore, it was prejudicial to deny her an opportunity to present that claim. Although AFSD was not *required* to reimburse her for lost benefits, under *former* OAR 461-07-200, the agency had the discretion to make an award. As amended, the rule forecloses the claim. Further, by applying a rule on reconsideration that was not in effect at the time of its initial order, AFSD prevented petitioner from being fully informed of her rights and remedies with respect to the action taken by the agency. ORS 183.413(1). Under the circumstances we conclude that it is necessary to remand the case to AFSD for consideration of petitioner's claim under *former* OAR 461-07-200. *See Gooderham v. AFSD, supra,* 64 Or App at 110; *Burke v. Children's Serv. Div.,* 26 Or App 145, 148, 552 P2d 592 (1976).

Reversed and remanded for reconsideration.