On appellant's amended petition for reconsideration filed March 10, reconsideration allowed; former opinion (226 Or App 174, 203 P3d 226) modified and adhered to as modified April 29, 2009

Robert J. HAGEL,
*Petitioner,*

*v.*

PORTLAND STATE UNIVERSITY,
*Respondent.*

Portland State University
A126321

206 P3d 1219

Ann Berryhill Witte for petition.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Petitioner has petitioned for reconsideration of our decision in this case, arguing that we erred in our treatment of his first assignment of error. In particular, petitioner asserts that our rejection of that assignment was based on the erroneous belief that petitioner did not dispute the timeliness of the five charges on which Portland State University (PSU) had based its decision to expel him as a student. We agree with petitioner that we erred in that understanding— that is, that petitioner did in fact dispute the timeliness of all of the charges. Accordingly, we allow reconsideration to once again address the first assignment of error.

In that assignment, petitioner challenges the denial of his motion to quash the contested case proceeding against him on the ground that it was untimely. He relies on a PSU administrative rule that was in effect at the time of the charged conduct that imposed a six-month time limit on the application of the PSU code to students. PSU amended the rule while the charges were pending against petitioner to eliminate the six-month time limit. Relying on *Guerrero v. AFSD*, 67 Or App 119, 676 P2d 928 (1984), petitioner contends that the change in the rule during the pendency of the proceedings violated the notice requirements in ORS 183.413 for contested cases as well as unspecified provisions of the state or federal constitution.

We conclude that the change in the rule during the pendency of the contested case proceedings did not violate ORS 183.413. Furthermore, because petitioner did not identify a constitutional source for his contention that the change in the rule violated the state or federal constitution, we do not address that issue. We therefore reject petitioner's first assignment of error.

Reconsideration allowed; former opinion modified and adhered to as modified.