Argued and submitted September 18, 2009, petition dismissed as moot
June 2, 2010

## Rock REID
## and Steve Yates,
*Petitioners,*

*v.*

## DEPARTMENT OF
## CONSUMER AND BUSINESS SERVICES,
*Respondent.*

Department of Consumer and Business Services
A139421

232 P3d 994

Diana E. Godwin argued the cause and filed the brief for petitioners.

Karla H. Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

**SCHUMAN, J.**

After meeting with an advisory committee, the Director of the Workers' Compensation Division (WCD) of the Department of Consumer and Business Services (DCBS) adopted a temporary rule dealing with the rates that workers' compensation insurers could pay to medical providers who treated insured workers. The rule was filed with the Secretary of State and became effective on July 7, 2008. Three days later, petitioners filed a direct, facial challenge to the rule in this court, seeking a declaration that the rule is invalid on the grounds that it exceeds the statutory authority of DCBS, contravenes the plain language and intent of the workers' compensation statutes, was not adopted in compliance with the applicable procedures governing temporary rulemaking, and violates the Due Process Clause of the United States Constitution because it purported to apply retroactively. *See* ORS 183.400 (allowing direct challenge to administrative rule in Court of Appeals). The temporary rule ceased to be effective and was replaced by a permanent rule on January 1, 2009. As a result, this case is moot, and we dismiss it.

The rules in OAR chapter 436, division 9, govern how providers of medical services to injured workers are paid under the workers' compensation statutes. Under the rules in that division prior to the adoption of the temporary rule, insurers could choose to pay providers from any of three fee rate schedules: a fee schedule promulgated by the Director of DCBS, the provider's own fee schedule, or a schedule in a contract that the provider had with a qualified managed care organization (MCO). The temporary rule created a fourth option for determining payments. It allowed insurers to choose the fee that the provider was contractually obligated to charge based on *any* contract that the provider was a party to, including a contract with a Preferred Provider Organization (PPO contract). Apparently, the temporary rule was controversial, and some providers opposed it on the ground that PPOs could operate under artificially low schedules.

On judicial review, petitioners argue that the workers' compensation statutes allow fees to be based only on the fee schedules or the MCO contracts, and, by creating the

fourth option, the agency went beyond its rulemaking authority. They also argue that the temporary rule made the newly authorized PPO-based rate retroactive; the new option applied to

"(1)   * * *

"(a)   All medical services rendered on or after the effective date of these rules; and

"(b)   All payments made under a contract with a medical provider, regardless of the date of service.

"(2)   These rules do not apply to any medical fee dispute that has been resolved by agreement or an administrative order that has become final by operation of law."

*Former* OAR 436-009-0003 (July 7, 2008). Petitioners argue that, because the rule applies to any contract "regardless of the date of service," it would allow DCBS to apply the rule retroactively, contrary to the Due Process Clause.

■ ■   In responding to petitioners' arguments, DCBS addresses the merits of the challenge but does not discuss mootness. However, while this case was being briefed, the temporary rule elapsed and was replaced by permanent rules effective January 1, 2009. Because we are not constitutionally empowered to decide moot cases, we must determine mootness even if it is not raised by the parties. *First Commerce of America v. Nimbus Center Assoc.*, 329 Or 199, 206, 986 P2d 556 (1999) (mootness is a "species of justiciability"); *Oregon Medical Association v. Rawls*, 281 Or 293, 296, 574 P2d 1103 (1978) (court has independent obligation to determine justiciability). That obligation obtains even when a case becomes moot during litigation; when that occurs, the proper disposition is to dismiss the claim. *Yancy v. Shatzer*, 337 Or 345, 349, 97 P3d 1161 (2004).

■   A claim is moot if the court's decision will have no practical effect on the rights of the parties. *Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d 1194 (1993). Petitioners' claim is based on ORS 183.400(1):

"The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule

whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court."

When the claim under ORS 183.400(1) challenges a temporary rule that has lapsed or been replaced, that rule "is no longer in existence, and our decision would merely resolve an abstract question without practical effect." *McKnight v. LCDC*, 69 Or App 642, 643, 687 P2d 170 (1984), *rev den*, 299 Or 522 (1985) (internal quotation marks omitted). At oral argument, petitioners maintained that the case was not moot because the temporary rules have been applied to some disputed fee agreements that have not been resolved. That fact is not in the record, and, even if it were, nothing in the record discloses that *these petitioners* are involved in such a dispute so that our resolution would have a practical effect on *their* rights. If that is the case, their remedy is not a direct facial challenge under ORS 183.400 in this court seeking declaration that the already-lapsed rule must be, as it were, retroactively invalidated. *McKnight*, 69 Or App at 643. It is a challenge to an agency order in a contested case resulting from the application of the rule to them. ORS 183.480. In such a challenge, the "validity of any applicable rule may also be determined by a court[.]" ORS 183.400(2).

Petition dismissed as moot.