Submitted April 3, OAR 255-062-0021(2)(c)(C) held valid June 3, petition for review denied November 12, 2015 (358 Or 248)

MICHAEL ROBERT HAYNES,
*Petitioner,*

*v.*

OREGON BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A157908

351 P3d 811

Michael R. Haynes filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Patrick M. Ebbett, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

PER CURIAM

**PER CURIAM**

Pursuant to ORS 183.400, petitioner challenges the validity of OAR 255-062-0021(2)(c)(C), part of a rule of the Board of Parole and Post-Prison Supervision that governs requests for interim hearings when the board has deferred an inmate's next hearing for more than two years. Under the board's rule, the petition for an interim hearing must include a copy of certain documents, including a copy of the inmate's "Spending Account," or the petition will be denied. OAR 255-062-0021(2)(c)(C); OAR 255-062-0021(2)(f). According to petitioner, the board violated his constitutional rights by considering his Spending Account and relying on "the circumstances surrounding his financial standing" to deny his petition for an interim hearing.

To the extent that petitioner argues that OAR 255-062-0021(2)(c)(C) can be applied unconstitutionally in particular circumstances, such a challenge is not authorized under ORS 183.400. *See AFSCME Local 2623 v. Dept. of Corrections*, 315 Or 74, 79, 843 P2d 409 (1992) (explaining that ORS 183.400 authorizes only facial challenges to agency rules; "the legality of any particular application of the rules is premature, and not subject to review under ORS 183.400"). Petitioner does not sufficiently develop any argument as to why the rule is *facially* invalid, and we therefore reject his petition.

OAR 255-062-0021(2)(c)(C) held valid.