On petitioner's petition for reconsideration filed November 23, 2016, petition for reconsideration allowed, former disposition (282 Or App 369, 385 P3d 684) withdrawn, petition for judicial review dismissed January 25; petition for review denied April 13, 2017 (361 Or 350)

Steven SMITH,
*Petitioner,*

*v.*

DEPARTMENT OF CONSUMER
AND BUSINESS SERVICES,
*Respondent.*

Department of Consumer and Business Services
A160720

388 P3d 1253

Before Duncan, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

**DEVORE, J.**

Petitioner sought judicial review of a memorandum from the Department of Consumer and Business Services (DCBS) to health benefit insurers. Petitioner sought judicial review pursuant to ORS 183.400(1), which provides that the "validity of any rule may be determined upon a petition by any person to the Court of Appeals * * *." Petitioner contended that the memorandum was, in effect, a "rule" within the meaning of the Oregon Administrative Procedures Act (APA), ORS 183.310 to 183.497, and that, because DCBS had failed to comply with rulemaking procedures, the rule should be declared invalid. We affirmed without opinion. *Smith v. Dept. of Consumer and Business Services*, 282 Or App 369, 385 P3d 684 (2016).

Petitioner now petitions for reconsideration. We grant reconsideration and conclude that the agency memorandum was not a rule, and, therefore, we lack the authority to determine it's "validity" under ORS 183.400(1). For the reasons that follow, the petition for judicial review is dismissed.

Under ORS 183.400(1), our review to determine the validity of a rule is limited to "the face of the rule and the law pertinent to it." *Smith v. TRCI*, 259 Or App 11, 13, 312 P3d 568 (2013) (internal quotation marks omitted). We may declare a rule invalid only if it violates the state or federal constitutions, exceeds the agency's statutory authority, or was adopted in violation of applicable rulemaking procedures. *Id.* In this case, petitioner asserts that the memorandum is a rule that was issued without following rulemaking procedures.

The challenged memorandum was issued in the context of the transition prompted by federal health care reform. *See generally* Patient Protection and Affordable Care Act, Pub L 111-148, 124 Stat 119 (2010) (codified at 42 USC 18001 *et seq.*). In 2014, the Oregon legislature enacted Oregon Laws 2014, chapter 80. Section 5(2) provided:

> "If authorized by guidance from the United States Department of Health and Human Services, the United States Department of Labor or the United States Department

of the Treasury, the Department of Consumer and Business Services shall permit a transitional health benefit plan to remain in force until the later of:

"(a) December 31, 2015; or

"(b) A later date specified by the Department of Consumer and Business Services by rule."

Section 5(1)(b) defined the central term:

"'Transitional health benefit plan' means a health benefit plan that:

"(A) Was issued to an individual or a small employer who elected to renew coverage under the plan in calendar year 2013 instead of obtaining coverage under a new health benefit plan;

"(B) Is in force on the effective date of this 2014 Act;

"(C) Does not comply with the requirements of the Insurance Code in effect on or after January 1, 2014; and

"(D) Complies with the requirements of the Insurance Code in effect on December 31, 2013."

Plaintiff's health care plan was a "transitional health benefit plan" that had been in force at the time of the Oregon enactment but did not comply with the new requirements. Pursuant to section 5(2), such health plans could remain in force until December 31, 2015, or a later date if DCBS chose to enact a rule to extend that date.[1] DCBS chose not to enact a rule to extend the date during which individual transitional plans could remain in force.

On February 6, 2015, DCBS issued the disputed memorandum to insurers who offered transitional plans. In relevant part, the memorandum informed insurers that individual transitional health benefit plans "must discontinue" no later than January 1, 2016. In turn, petitioner's health insurer wrote to advise him that his plan would be discontinued. His health insurer advised him, "The State of Oregon, Oregon Insurance Division, made the decision to no longer allow grandmothered plans after December 31, 2015.

---

[1] Oregon Laws 2014, chapter 80, section 6 repealed section 5 effective January 2, 2017.

We are required to comply with their ruling and discontinue the outdated policies, which includes your * * * plan."

DCBS declined petitioner's request that the agency engage in a rulemaking process, explaining that, after weighing the competing interests, the agency had chosen to allow the date set by statute, *i.e.* December 31, 2015, to remain as the end date for noncomplying, individual transitional health plans. Thereafter, petitioner filed a petition for judicial review, asserting that the February memorandum was itself a rule and was issued in violation of the rulemaking requirements.

Under the terms of the APA, a "'rule' means any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency." ORS 183.310(9). In *Smith*, a prison newsletter provided information about an existing administrative rule. 259 Or App at 14-15. We held that the informational newsletter was not itself a rule. *Id.* at 16. All necessary rulemaking had already been done earlier in the adoption of the extant rule. *Id.* at 16-17.

The same is true here. The disputed memorandum was merely an informational announcement of the effect of section 5(2) of Oregon Laws 2014, chapter 80, which had already established a deadline of December 31, 2015, for noncomplying, individual, transitional health plans. The agency chose not to adopt a rule that would have been required to further extend that date. To the extent that the memorandum spoke in directive terms, the memorandum expressed existing law. Despite its directive tone, the memorandum did not make new law by administrative regulation. To the extent that petitioner's insurer told him about a "ruling" of the "Insurance Division," the insurer was somewhat inaccurate. Insofar as petitioner seeks review of a purported rule, there is no rule to review.

That conclusion determines the disposition of this case. We may evaluate the validity of a rule only when the matter in question is indeed a rule. *Smith*, 259 Or App at 16; *see also* ORS 183.400 (procedure for judicial determination of the validity of a rule). When the matter in question is not

a rule, we have no authority to review it under ORS 183.400. *Smith*, 259 Or App at 16. Accordingly, we dismiss petitioner's challenge to the DCBS memorandum of February 2015.

Petition for reconsideration allowed; former disposition withdrawn; petition for judicial review dismissed.