Submitted June 1, 2018, petition for judicial review dismissed October 30, 2019

ARLEN PORTER SMITH,
*Petitioner,*

*v.*

DEPARTMENT OF CORRECTIONS,
*Respondent.*

Department of Corrections
A165044

454 P3d 12

Petitioner seeks judicial review under ORS 183.400 of a policy of the Health Services Section of the Operations Division of the Oregon Department of Corrections. Petitioner argues that the policy is actually an administrative "rule" within the meaning of ORS 183.310(9) that is invalid because it was adopted without proper rulemaking procedures. ORS 183.400(4)(c). *Held*: The Court of Appeals lacks jurisdiction, because petitioner did not adequately show that any part of the challenged policy constituted a rule. *See Smith v. DCBS*, 283 Or App 468, 471-72, 388 P3d 1253, *rev den*, 361 Or 350 (2017) ("When the matter in question is not a rule, we have no authority to review it under ORS 183.400."). Accordingly, the court dismissed.

Petition for judicial review dismissed.

Arlen Porter Smith filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Judy C. Lucas, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

LAGESEN, P. J.

Petition for judicial review dismissed.

**LAGESEN, P. J.**

In this case, petitioner invokes our jurisdiction under ORS 183.400, seeking judicial review of a policy of the Health Services Section of the Operations Division of the Oregon Department of Corrections (DOC). That policy—#P-B-01—addresses DOC's Infection Prevention and Control Program. Petitioner contends that the policy is, in reality, an administrative "rule" within the meaning of ORS 183.310(9) that is invalid because it "[w]as adopted without compliance with applicable rulemaking procedures." ORS 183.400(4)(c). We conclude that petitioner has not adequately demonstrated in his opening brief that the challenged policy amounts to a rule and, for that reason, dismiss the petition for lack of jurisdiction. *See Smith v. DCBS*, 283 Or App 468, 471-72, 388 P3d 1253, *rev den*, 361 Or 350 (2017).

ORS 183.400 grants us jurisdiction "to review the validity of [any] rule" to determine whether it "[v]iolates constitutional provisions"; "exceeds the statutory authority of the agency"; or "[w]as adopted without compliance with applicable rulemaking procedures." ORS 183.400(1), (4). A "rule" for purposes of ORS 183.400 is defined to be

> "any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency."

ORS 183.310(9). "[T]he amendment or repeal of a prior rule" is itself a rule within the meaning of the statute, but many other agency writings are not. ORS 183.310(9). Specifically, the following are not rules:

> "(a)  Unless a hearing is required by statute, internal management directives, regulations or statements which do not substantially affect the interests of the public:
>
> "(A)  Between agencies, or their officers or their employees; or
>
> "(B)  Within an agency, between its officers or between employees.
>
> "(b)  Action by agencies directed to other agencies or other units of government which do not substantially affect the interests of the public.

"(c)  Declaratory rulings issued pursuant to ORS 183.410 or 305.105.

"(d)  Intra-agency memoranda.

"(e)  Executive orders of the Governor.

"(f)  Rules of conduct for persons committed to the physical and legal custody of the Department of Corrections, the violation of which will not result in:

"(A)  Placement in segregation or isolation status in excess of seven days.

"(B)  Institutional transfer or other transfer to secure confinement status for disciplinary reasons.

"(C)  Disciplinary procedures adopted pursuant to ORS 421.180."

ORS 183.310(9). If a particular agency writing is not a rule within the meaning of ORS 183.310(9), then we do not have jurisdiction under ORS 183.400 to determine its validity: "When the matter in question is not a rule, we have no authority to review it under ORS 183.400." *Smith v. DCBS*, 283 Or App at 471-72.

"In order to invoke the jurisdiction of any court[,] a party must allege such facts as are necessary to establish that the court has jurisdiction to act." *State ex rel Sweere v. Crookham*, 289 Or 3, 7, 609 P2d 361 (1980). That means necessarily that a petitioner seeking judicial review of an agency writing under ORS 183.400 must, at a minimum, put forth a nonconclusory explanation or argument as to why the writing in question qualifies as a rule as defined in ORS 183.310(9). As we recognized in *Smith v. TRCI*, 259 Or App 11, 20, 312 P3d 568 (2013), where a petitioner challenges an agency writing that has not been promulgated through rulemaking procedures, and that writing contains multiple provisions addressing multiple topics, "we will not search [that writing] to identify which, if any, of [the provisions] are reviewable rules."

In this case, petitioner requests that we review DOC's Infection Prevention and Control Program policy as a whole to determine its validity. Much as was the case in *Smith v. TRCI*, that policy contains a number of different

provisions and addresses a number of different topics. Although petitioner has included a long excerpt from the policy in his brief, that excerpt itself contains multiple provisions addressing multiple topics. None of those provisions, on their face, fall clearly within the definition of a rule and, in his opening brief, petitioner offers nothing other than a highly generalized and conclusory argument on the point: "The legal flaw in respondent's policy is that it crosses over into rulemaking in a multitude of ways." Absent more focused argument as to what particular parts of the policy petitioner contends constitute rules, and why those parts qualify as rules under ORS 183.310(9), petitioner, as the party invoking our jurisdiction under ORS 183.400, has not made an adequate showing that we have it. Accordingly, we dismiss the petition. *See Smith v. DCBS*, 283 Or App at 471-72.

Petition for judicial review dismissed.