Submitted June 1, 2018, petition for judicial review dismissed
December 11, 2019

**ARLEN PORTER SMITH,**
*Petitioner,*

*v.*

**DEPARTMENT OF CORRECTIONS,**
*Respondent.*

Department of Corrections
A163599

456 P3d 310

Petitioner seeks judicial review under ORS 183.400 of the Oregon Department of Corrections' (DOC) Commissary Operations Policy. He argues that the policy is a disguised administrative rule and is thus invalid because the DOC adopted it without following proper rulemaking procedures. ORS 183.400(4)(c). *Held*: The Court of Appeals lacks jurisdiction over petitioner's challenge because petitioner failed to adequately demonstrate that the policy constitutes a rule. *See Smith v. DCBS*, 283 Or App 468, 471-72, 388 P3d 1253, *rev den*, 361 Or 350 (2017) ("When the matter in question is not a rule, we have no authority to review it under ORS 183.400."). The court dismissed petitioner's challenge.

Petition for judicial review dismissed.

Arlen Porter Smith filed the briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Mooney, Judge.

MOONEY, J.

Petition for judicial review dismissed.

**MOONEY, J.**

Petitioner, an inmate at Two Rivers Correctional Institution, invokes our jurisdiction under ORS 183.400 to challenge the validity of the Department of Corrections (DOC) "Commissary Operations" policy, DOC Policy 40.2.3. He does so on two grounds. First, he contends that the policy contains multiple provisions that amount to agency rulemaking and that the policy is not valid because the DOC did not follow the Oregon Administrative Procedure Act's (APA) rulemaking procedures when it established the policy. Second, petitioner challenges the policy under ORS 183.750, which requires administrative rules to "be prepared in a language that is as clear and simple as possible." For the reasons explained below, we reject petitioner's first challenge because he has not demonstrated that the DOC policy is subject to the APA rulemaking requirements. We do not reach the second challenge because our conclusion on the first defeats jurisdiction and requires dismissal of the petition. Accordingly, we dismiss the petition for lack of jurisdiction.

ORS 183.400 empowers us to determine the validity of state agency rules upon petitions properly before us. In such cases, we may declare the invalidity of a challenged rule when we conclude that it violates constitutional provisions, exceeds agency statutory authority, or was adopted in violation of rulemaking procedures. ORS 183.400. As a threshold matter, we must first determine whether the challenged policy is, in fact, a rule. If it is not, then we have no authority under ORS 183.400 to review it. *Smith v. DCBS*, 283 Or App 468, 471-72, 388 P3d 1253, *rev den*, 361 Or 350 (2017).

ORS 183.310(9) defines a "rule" as

"any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency."

ORS 183.310(9) specifically excludes certain agency statements from the definition of "rule" including, as pertinent here, "[r]ules of conduct" for DOC inmates,

"the violation of which will not result in:

"(A)   Placement in segregation or isolation status in excess of seven days.

"(B)   Institutional transfer or other transfer to secure confinement status for disciplinary reasons.

"(C)   Disciplinary procedures adopted pursuant to ORS 421.180."

ORS 183.310(9)(f). If, as DOC argues, the challenged policy consists of rules of conduct that do not result in discipline, then it is not a "rule" subject to challenge under ORS 183.400.

Petitioner is obligated to "allege such facts as are necessary to establish that the court has jurisdiction to act." *State ex rel Sweere v. Crookham*, 289 Or 3, 7, 609 P2d 361 (1980). He is required to, "at a minimum, put forth a non-conclusory explanation or argument as to why the writing in question qualifies as a rule as defined in ORS 183.310(9)." *Smith v. Dept. of Corrections*, 300 Or App 309, 311, 454 P3d 12 (2019).

Where, as here, a petitioner argues that an entire policy is invalid under ORS 183.400, "we will not search that writing to identify which, if any, of the provisions are reviewable rules." *Id.* (citing *Smith v. TRCI*, 259 Or App 11, 20, 312 P3d 568 (2013) (internal quotation marks and brackets omitted)). Additionally, we will not review rule challenges when the petitioner simply recites "multiple provisions addressing multiple topics *** offer[ing] nothing other than a highly generalized and conclusory argument" that the challenged provisions are improper rules. *Id.* at 312.

Here, petitioner challenges the entire DOC "Commissary Operations" policy. We reject his challenge because it presents only a conclusory argument that the entire policy is invalid. *See id.* at 311. And, although petitioner acknowledges that not all provisions within the policy "crossover into rulemaking," he does not clarify which provisions he is challenging beyond additional vague references to "multiple provisions addressing multiple topics," which do not, "on their face, fall clearly within the definition of a rule[.]" *Id.* at 312. He presents a nonspecific and conclusory argument

that the policy "operate[s] in combination" with other policies (which he does not challenge here) to "both fill[] in gaps left by other ill[-]conceived and poorly written rules and creates conflicts and gray areas." Petitioner's conclusory challenge does not allow us to determine what is being challenged as a "rule"; it does not provide the agency with a fair opportunity to defend its policy, and we decline to develop petitioner's argument for him.[1]

Petition for judicial review dismissed.

---

[1] *See Smith*, 300 Or App at 312 (rejecting a similarly unclear rule challenge); *Smith*, 259 Or App at 19 ("[A] petitioner in a proceeding under ORS 183.400(1) challenging rules *** must identify with particularity the challenged 'rules' so that the respondent can meaningfully respond and so that we may ascertain whether the challenged provisions fall within the general definition of rules[.]" (Internal quotation marks omitted.)).