Argued and submitted July 7, petition dismissed September 29, 2021

Chester MOONEY,
Shannan Pozzi, and Kevin Rubio,
*Petitioners,*

*v.*

STATE OF OREGON,
acting by and through the
Oregon Health Authority,
and Kate Brown, in her capacity as
Governor and Chief Executive of the
Oregon Health Authority,
*Respondents.*

Oregon Health Authority
A174300

500 P3d 79

Petitioners bring this rule-review proceeding under ORS 183.400, seeking to have an Oregon Health Authority (OHA) document, entitled "Statewide Mask, Face Shield, Face Covering Guidance," invalidated. OHA contends that the court lacks jurisdiction over this matter for two reasons: (1) because the challenged guidance is not an administrative rule under ORS 183.340(9), but part of an executive order, and thus excluded from review; and (2) because the guidance in the challenged document has been superseded by subsequent guidance, so the proceeding is moot. *Held*: Assuming without deciding that the guidance at issue is an administrative rule, it was superseded by subsequently promulgated temporary administrative rules. Consequently, under case law, the proceeding was moot. *See, e.g.*, *Reid v. DCBS*, 235 Or App 397, 401, 232 P3d 994 (2010) (so holding).

Petition dismissed.

Tyler D. Smith argued the cause for petitioners. Also on the briefs was Tyler Smith & Associates, P.C.

Michael A. Casper, Assistant Attorney General, argued the cause for respondents. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and Shorr, Judge, and Kamins, Judge.

LAGESEN, P. J.

Petition dismissed.

**LAGESEN, P. J.**

On June 30, 2020, respondent, the Oregon Health Authority (OHA), issued a document, effective July 1, 2020, entitled "Statewide Mask, Face Shield, Face Covering Guidance." In it, the OHA spelled out what turned out to be the first round in the ever-evolving face-covering guidance intended to protect Oregonians against the spread of the lethal and ever-evolving COVID-19 virus. Believing the document to qualify as an administrative rule, as that term is defined by ORS 183.310, petitioners brought this proceeding under ORS 183.400, seeking to have the guidance invalidated. The OHA responds that we lack jurisdiction over this proceeding for two reasons. First, the OHA contends that the challenged guidance is not an administrative rule but "is instead part of an executive order lawfully issued by the Governor pursuant to her emergency powers." In support of this argument, the OHA notes that ORS 183.310(9)(e) excludes "[e]xecutive orders of the Governor" from the definition of a rule. Second, the OHA contends that this proceeding is moot because the guidance has since been superseded. Although we question the former point, we agree that this proceeding is moot and must be dismissed for that reason.

We assume without deciding that the guidance at issue is an administrative rule as defined by ORS 183.310. On its face, it appears to fit comfortably within the definition of a rule, at a minimum, as an "agency *** statement of general applicability that implements *** or prescribes law or policy ***." ORS 183.310(9). The guidance also appears to have been issued by the director of the OHA and it prescribes a number of required and recommended practices related to the use of masks or other face coverings. And contrary to the OHA's suggestion that the guidance is not a rule but, instead, part of an otherwise unreviewable executive order, there is nothing on the face of the guidance or in the record supplied to us by the OHA (which contains only the guidance itself) that would permit the conclusion that it is itself an unreviewable executive order of the Governor. As petitioners point out, there is no indication that the guidance was filed with the Secretary of State, as executive orders are required to be. *See* ORS 183.355(5). Under these circumstances, the OHA's claim that the guidance is not a

rule but, instead, an executive order, rests largely on the arguments of counsel. Without more, there are many reasons to question whether this guidance is, itself, an executive order (or part of an executive order), as distinct from a rule promulgated under the authority of an executive order. *See, e.g.*, *Western States Petroleum Assn. v. EQC*, 296 Or App 298, 308-09, 439 P3d 459 (2019) (recognizing that the Administrative Procedures Act (APA) is not the only source of law that governs the promulgation of administrative rules and reviewing challenged rule for compliance with procedures external to the APA).

Nevertheless, the guidance has been superseded on multiple occasions by subsequent guidance and, now, administrative rules. As it stands, mask *requirements* are now governed by several administrative rules: OAR 333-019-1011; OAR 333-019-1015; and OAR 333-019-1025, and the current OHA guidance, issued on August 27, 2021, is limited to supplementing the rules with the OHA's additional, nonmandatory recommendations.[1] In other words, in more ways than one, we no longer inhabit the same world as we did at the time the OHA issued the guidance that petitioners have challenged.

That means this rule-review proceeding is moot under our case law. We long have held that the repeal or replacement of an administrative rule means an ORS 183.400 challenge seeking to invalidate the displaced rule is moot. *See Reid v. DCBS*, 235 Or App 397, 401, 232 P3d 994 (2010) (so holding); *see also Hay v. Dept. of Transportation*, 301 Or 129, 133-34, 719 P2d 860 (1986) (expiration of rule mooted ORS 183.400 challenge to the rule). Although petitioners at oral argument urged us to conclude that this case was not moot because of pending enforcement proceedings under the now-supplanted guidance, we rejected a similar contention in *Reid*:

"At oral argument, petitioners maintained that the case was not moot because the temporary rules have been applied to some disputed fee agreements that have not been resolved. That fact is not in the record, and, even if it were, nothing

---

[1] *See* https://sharedsystems.dhsoha.state.or.us/DHSForms/Served/le2288 K_R.pdf (last accessed Sept 8, 2021).

in the record discloses that *these petitioners* are involved in such a dispute so that our resolution would have a practical effect on *their* rights.”

235 Or App at 401 (emphases in original). As was the case in *Reid*, the record before us contains no evidence regarding any ongoing enforcement proceedings or how, if at all, it would have a practical effect on these petitioners’ rights to resolve the issues about the validity of the prior guidance. Accordingly, as we did in *Reid*, we dismiss the petition.

Petition dismissed.