***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted August 5, 2022, petition for judicial review dismissed as moot June 14, 2023

Greg WASSON,
a registered elector of the City of Salem,
*Petitioner,*

*v.*

Beverly CLARNO,
in her role as the Secretary of State
of the State of Oregon,
*Respondent.*

Secretary of State
A174211

Petitioner filed the briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Petition for judicial review dismissed as moot.

**HELLMAN, J.**

This case concerns a facial challenge to a provision of OAR 165-014-0005(1), which incorporates the Secretary of State's Initiative and Referendum Manual (the Manual) that contains the procedure to be used for the state initiative and referendum process. For the following reasons, we dismiss the petition for judicial review as moot.

This action originated in the Marion County Circuit Court in March 2020, and was transferred to our court in June 2020. The transfer was pursuant to ORS 14.165(1)(a), because the petition raised a facial challenge to the validity of an administrative rule. *See generally Alto v. State Fire Marshal*, 319 Or 382, 391-92, 876 P2d 774 (1994) (party seeking declaration that a rule was invalid was required to bring rule challenge in Court of Appeals under ORS 183.400(1) rather than in circuit court); ORS 14.165(1)(a) (if an action against a public body is filed in circuit court and the circuit court does not have authority to decide the case, the circuit court shall transfer the case to the court authorized to decide the case).

In his petition, petitioner asserted that a provision in the Manual that set July 2, 2020, as the deadline for signatures to put a statewide measure on the November 3, 2020, ballot violated several provisions of the Oregon Constitution. Relevant to our decision here, petitioner argued the July 2, 2020, deadline was void under Article I, section 20, because in imposing a signature gathering deadline, the Manual treated statewide petitions differently from local initiatives.

After petitioner's case was transferred to our court, and before he filed any briefs, petitioner sought and obtained an order from this court placing this case in abeyance pending the decision in *Whitehead v. Fagan*, 369 Or 112, 501 P3d 1027 (2021).[1] After that case was decided, petitioner reactivated this case. He filed his opening brief in 2022.

---

[1] *Whitehead* concerned what persons qualified as voters for purpose of counting signatures to determine whether a petition would be placed on the ballot. Because that case has no relevance to any issue presented here, we do not discuss its holding.

In that brief, petitioner no longer challenged the provision of the Manual that had established the July 2020 filing deadline. Instead, he challenged a revision to the Manual, adopted by temporary rule in February 2022, that established a July 2022, filing deadline for signatures to put a statewide measure on the November 8, 2022, ballot.  Petitioner's briefing made it clear that he was limiting his challenge to whether the July 2022 due date violated Article I, section 20, of the Oregon Constitution. Petitioner maintained his argument that the disparate treatment between statewide and local initiatives violated Article I, section 20.

After all the briefs were filed and this case was under advisement, petitioner again moved to hold this case in abeyance, asserting that the case should be held until another of his rule challenges, *Wasson v. Fagan*, A179573, was submitted to this court. We denied the motion to hold the case in abeyance.[2]

We do not address petitioner's Article I, section 20, challenge to the July 8, 2022, signature-gathering deadline, because we conclude that this case is moot. As a general matter, Oregon courts do not render decisions in cases that have become moot. *See, e.g.*, *Bowers v. Board of Parole*, 309 Or App 566, 483 P3d 22, *rev den*, 368 Or 402 (2021) (so noting). The test for mootness has often been described as whether a court's decision will no longer have a practical effect on the rights of the parties. *Geddry v. Richardson*, 296 Or App 134, 141-42, 437 P3d 1163, *rev den*, 365 Or 369 (2019). And, we have stated, "[i]n the context of initiative petitions, typically, the expiration of the constitutional deadline for collecting supporting signatures" can render a case moot. *Id.* at 142. *See, e.g.*, *Harisay v. Atkins*, 295 Or App 493, 445, 434 P3d 442 (2018), *aff'd*, 367 Or 116, 474 P3d 378 (2020) ("While this appeal was pending, the deadline for submitting enough signatures to place IP 5 on the ballot for the 2016 general election passed (as did the election itself), rendering the case moot.").

---

[2] We take judicial notice that in *Wasson v. Fagan*, A179573, petitioner is making a different facial challenge to a signature-gathering requirement in one of the Secretary of State's manuals, asserting that it violates Article I, section 20, of the Oregon Constitution.

This case differs from cases like *Geddry* and *Harisay* because it involves a facial challenge to an administrative rule, which means petitioner does not have to demonstrate a personal stake in the outcome of the challenge. Even so, we have still held that when a rule has been amended, a facial challenge to the earlier version is moot. *See, e.g.*, *Mooney v. Oregon Health Authority*, 314 Or App 809, 811, 500 P3d 79 (2021) (facial challenge to rule concerning use of masks during pandemic was rendered moot by enactment of subsequent rules: "We long have held that the repeal or replacement of an administrative rule means an ORS 183.400 challenge seeking to invalidate the displaced rule is moot."); *Reid v. DCBS*, 235 Or App 397, 401, 232 P3d 994 (2010) (when a rule is no longer in existence, a decision by the court would merely resolve an abstract question without practical effect).

Although the Manual itself remains in effect, petitioner's sole challenge is to a provision that no longer has any effect. As noted, the relief that petitioner requests in this proceeding is to hold invalid the July 2022, date for collection of signatures to place an initiative on the ballot for the November 2022, election. Those dates have passed. We thus conclude that the present case is indistinguishable from cases in which a rule is no longer in effect. The case is therefore moot.

Even though a case is moot, ORS 14.175(3) allows this court to nonetheless adjudicate the case if the circumstances call for it. *See Couey v. Atkins*, 357 Or 460, 522, 355 P3d 866 (2015) (holding that ORS 14.175 allows a court to determine "whether it is appropriate to adjudicate an otherwise moot case under the circumstances of each case"). But the circumstances do not call for us to do so here.

Even though he pursued multiple stays in this case which had, or would have had, the effect of delaying any decision past the operative dates of the rules, petitioner did not present any arguments on the issue of mootness, nor did he ask us to exercise our discretion to consider the case even if we concluded it was moot. Moreover, petitioner's actions delaying the case differentiate this case from others in which mootness was the result of outside forces, not deliberate actions by a party. *E.g.*, *Sarepta Theraputics*

*v. Oregon Health Authority*, 325 Or App 480, 530 P3d 103 (2023) (exercising discretion to consider a moot challenge when the agency "permanently amended [the rule] every six months and regularly temporarily amended [it] even more often").

Petition for judicial review dismissed as moot.