No. 915       October 22, 2025       355

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SHANE ANTHONY LEWIS,
*Petitioner,*

*v.*

DEPARTMENT OF CORRECTIONS,
*Respondent.*

Department of Corrections
A181275

Submitted January 10, 2025.

Shane Anthony Lewis filed the briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

OAR 291-131-0030(1)(b), OAR 291-139-0130(6), and OAR 291-139-0180(5) held valid; petition otherwise dismissed.

**POWERS, J.**

In this proceeding under ORS 183.400(1), petitioner advances nine assignments of error to challenge the validity of certain alleged policies and administrative rules adopted by the Department of Corrections (DOC). As explained below, we dismiss some of petitioner's challenges as moot, determine that some of the challenges are not directed at rules within the meaning of the Oregon Administrative Procedures Act (APA), and hold the remaining rules valid.

In his first through sixth assignments of error, petitioner argues that various alleged policies and practices by Snake River Correctional Institution (SRCI) and DOC relating to Adult in Custody (AIC) grievances and mailing are rules under the APA that were adopted without compliance with applicable rulemaking procedures and are, therefore, invalid. In his seventh through ninth assignments of error, petitioner argues that three Oregon Administrative Rules relating to AIC legal mail violate constitutional provisions. DOC argues that petitioner's challenges to some of the policies are moot because the policies are no longer in effect, that other policies identified by petitioner are not rules under the APA, and that petitioner failed to adequately develop his arguments regarding the challenged administrative rules or, alternatively, that his arguments fail on the merits.

ORS 183.400 empowers us to determine the validity of state agency rules.[1] We may declare a rule invalid only

---

[1] ORS 183.400 provides, in part,

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court.

"* * * * *

"(3) Judicial review of a rule shall be limited to an examination of:

"(a) The rule under review;

"(b) The statutory provisions authorizing the rule; and

"(c) Copies of all documents necessary to demonstrate compliance with applicable rulemaking procedures.

if the rule "violates constitutional provisions, exceeds the agency's statutory authority, or was adopted without compliance with applicable rulemaking procedures." *Smith v. TRCI*, 259 Or App 11, 13, 312 P3d 568 (2013) (citing ORS 183.400(4)). Generally, the first step in an ORS 183.400 challenge is to "first determine whether the challenged policy is, in fact, a rule." *Smith v. Dept. of Corrections*, 301 Or App 299, 300, 456 P3d 310 (2019). If it is not a rule, then we have no authority under ORS 183.400 to review it. *Id.* Whether a purported rule qualifies as a rule under the APA presents a legal question. *See Smith*, 259 Or App at 16 (so reviewing). The party invoking our jurisdiction under ORS 183.400 bears the burden of demonstrating that the purported rule qualifies as a rule. *Justice Resource Center v. Board of Parole*, 338 Or App 509, 513, 566 P3d 1162, *rev den*, 374 Or ___ (2025). An administrative "rule" is defined as "any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency." ORS 183.310(9).

Under ORS 183.400, our review "is limited in scope to the face of the rule and the law pertinent to it." *Smith*, 259 Or App at 13 (internal quotation marks omitted); *see also* ORS 183.400(3) (explaining that in a facial rule challenge, we may examine only the rule, statutory provisions authorizing the rule, and documents bearing on compliance with rulemaking procedures). As we have explained, "[t]he province of a rule challenge *** is to invalidate rules that, on their face, *** violate the law." *Criminal Justice Reform Clinic v. Board of Parole*, 313 Or App 592, 597, 496 P3d 688 (2021).

We begin with assignments of error two, three, and four, which challenge three provisions in a 2022 "SRCI Security AIC Handbook" used by SRCI that petitioner contends are rules adopted without following the proper

---

"(4) The court shall declare the rule invalid only if it finds that the rule:

"(a) Violates constitutional provisions;

"(b) Exceeds the statutory authority of the agency; or

"(c) Was adopted without compliance with applicable rulemaking procedures."

rulemaking procedures.[2] That handbook, however, is no longer in effect. As we understand it, the 2024 handbook is currently in effect, and it does not contain the provisions that petitioner challenges. Thus, even assuming without deciding that the handbook provisions identified by petitioner qualify as rules under the APA, the issue is moot. Accordingly, we reject the challenges advanced in assignments of error two, three, and four as moot. *See Mooney v. Oregon Health Authority*, 314 Or App 809, 811, 500 P3d 79 (2021) (explaining that we have repeatedly "held that the repeal or replacement of an administrative rule means an ORS 183.400 challenge seeking to invalidate the displaced rule is moot"); *see also Brumnett v. PSRB*, 315 Or 402, 406, 848 P2d 1194 (1993) (noting that cases "in which a court's decision no longer will have a practical effect on or concerning the rights of the parties, will be dismissed as moot").

Turning to the first assignment of error, petitioner argues that SRCI has adopted a policy, which he argues is a rule, that impermissibly limits what issues an AIC may raise in a grievance, which in his view contradicts OAR 291-109-0210(3). According to petitioner, SRCI's practice of limiting permissible grievance issues is an "interpretive amplification or refinement of an existing rule," which requires compliance with the APA's rulemaking procedures. *See Smith*, 259 Or App at 25 (explaining that "the interpretive amplification or refinement of an existing rule is a new exercise of agency discretion and must be promulgated as a rule under the APA to be valid" (internal quotation marks omitted)). DOC remonstrates that petitioner has not sufficiently identified the "rule" that he challenges and, regardless, any policy that petitioner has identified is not a rule within the APA because it is not generally applicable.

A "rule" under the APA must be generally applicable, meaning not directed to a particular person or entity. *Stop B2H Coalition v. Dept. of Energy*, 370 Or 792, 810, 525 P3d 864 (2023) (observing that an "agency action directed to

---

[2] Specifically, petitioner challenges provisions that prohibit filing a grievance against more than one employee on a single grievance form, filing a grievance regarding use of force by staff, and filing a grievance regarding an AIC property issue.

a specific person or entity is not a generally applicable rule" (internal quotation marks omitted)).

OAR 291-109-0210 provides a nonexclusive list of what issues an AIC may include in a grievance. OAR 291-109-0210(3) provides that:

> "An [AIC] may file a single grievance concerning any incident or issue regarding institutional life that directly and personally affects that [AIC], including but not limited to:
>
> "(a)  Misapplication of departmental policies, rules, or other directives;
>
> "(b)  Unprofessional actions of employees, volunteers, or contractors of the Department of Corrections or Oregon Corrections Enterprises;
>
> "(c)  Inadequate medical or mental health treatment; and
>
> "(d)  Excessive use of force by department employees."[3]

In his challenge before us, petitioner points to a written denial of a grievance that he submitted as the "rule" that he challenges. That denial provides:

> "Your grievance has not demonstrated how it qualifies under [OAR] 291-109-0210. You have not demonstrated misapplication of departmental policies, rules, or other directives, unprofessional actions of department employees, volunteers, or contractors, inadequate medical or mental health treatment, sexual abuse or sexual harassment or excessive use of force by department employees."

Petitioner argues that the denial of his grievance demonstrates that SRCI has a policy of limiting grievances to the categories included in OAR 291-109-0210(3), but the "including but not limited to" language in OAR 291-109-0210(3) means that the examples are not exclusive. We agree with petitioner's argument that the explicit terms of OAR 291-109-0210(3) do not limit the type of issues an AIC may file a grievance about; that is, the enumerated examples contained in the rule are nonexclusive. However, even accepting

---

[3] OAR 291-109-0210 has been amended since the parties submitted their briefs; however, because those amendments do not affect our analysis, we refer to the current version of the rule in this opinion.

petitioner's argument about the non-exclusivity of the rule, petitioner still has not identified a generally applicable rule for us to review. In short, we conclude that his challenge is premised on a response directed to him addressing a specific grievance that he submitted. Under the circumstances, petitioner has failed to challenge a rule, and we accordingly reject his first assignment of error.

In his fifth assignment of error, petitioner argues that an SRCI policy requiring AICs to bring an envelope with them to an appointment with a notary is a rule that was adopted without proper rulemaking procedures because it expands the requirements for accessing notary services set out in existing administrative rules. As evidence of the policy, petitioner quotes a sign posted in the legal library that provides: "When scheduled for notary. Please be sure to have an envelope at your appointment, in order to receive a notary. Effective 1/19/23 all notaries need to be mailed from Law Library." DOC argues that petitioner has not sufficiently identified the alleged rule and, regardless, any such policy is not a rule because it simply explains how existing rules necessarily operate.

An agency's explanation of "the necessary requirements of an existing rule" is not a rule requiring rulemaking procedures. *Burke v. Public Welfare Div.*, 31 Or App 161, 165, 570 P2d 87 (1977). That is, "an agency's pronouncement of how a validly promulgated rule operates in a specific context need not itself be promulgated as a rule if the existing rule necessarily requires the result set forth in that pronouncement." *Id.* However, "the interpretive amplification or refinement of an existing rule is a new exercise of agency discretion and must be promulgated as a rule under the APA to be valid." *Smith*, 259 Or App at 25 (internal quotation marks omitted).

We conclude that SRCI's policy requiring AICs to bring an envelope with them for notary services is not a rule under the APA; rather, it is an explanation of the necessary requirements of the existing rules. Notary services will be provided to indigent AICs at no charge "when necessary," and to obtain notary services, an AIC must show that "a notary is required by the court or paroling authority."

OAR 291-139-0130(7). If a notary is required by the court or paroling authority, practically, whatever document is notarized must be sent to the court or paroling authority.[4] Outgoing mail from SRCI must be enclosed "in an approved Department of Corrections envelope." OAR 291-131-0020(2). Envelopes will be provided to indigent AICs "for necessary court filings." OAR 291-139-0130(6). Thus, an AIC with a notary services appointment necessarily needs the service for a court-related or parole-related document; the notarized document must be mailed to the court; mailing documents to the court or paroling authority requires an approved envelope; and indigent AICs may obtain envelopes for necessary court filings at no charge. Therefore, as we understand it, the notice requiring AICs to bring an envelope with them to a notary appointment only explains what the existing rules necessarily require: an AIC must have an envelope in order to send the notarized documents. Under the rules in place, read together, the requirement that an AIC bring an envelope with them to a notary appointment is not a rule under the APA that we can review. *See Burke*, 31 Or App at 165 ("[A]n agency's pronouncement of how a validly promulgated rule operates in a specific context need not itself be promulgated as a rule if the existing rule necessarily requires the result set forth in that pronouncement.").

In his sixth assignment of error, petitioner argues that DOC has adopted a rule without complying with applicable rulemaking procedures that prohibits indigent AICs from mailing legal documents from the legal library without a court-ordered deadline. In his opening brief, petitioner asserts that SRCI requires indigent AICs to have a "court-ordered deadline" in order to receive mailing supplies to mail legal documents, but he does not provide a specific policy or language used by SRCI to that effect. In his reply brief, petitioner identifies a provision in the Oregon State Penitentiary's "Adult in Custody Handbook," which provides: "AICs with documented legal deadlines will be permitted priority access to the legal section of the library.

---

[4] Petitioner does not argue that the requirement that notarized documents be mailed to the court from the law library is a new rule that required rulemaking procedures; he challenges only the requirement that AICs bring an envelope to the appointment.

Please indicate your deadline information on your request form, and then present documentation of the deadline from the courts with your first pass." For its part, DOC contends that petitioner has not identified the purported rule with sufficient particularity.

We conclude that petitioner did not sufficiently raise or develop his argument in his opening brief, and we will therefore not consider it.[5] *See Brown v. State Historic Preservation Office*, 296 Or App 886, 891 n 3, 443 P3d 1170 (2019) (declining to reach the petitioner's argument "[b]ecause that argument was not raised or adequately developed in petitioner's opening brief"). Petitioner did not provide an identifiable policy for our review in his opening brief, and it is unclear to us whether petitioner intends to challenge the practice of requiring an indigent AIC to have a court deadline to access mailing supplies or requiring an AIC to provide proof of a deadline. Accordingly, we do not reach assignment of error six.

In his seventh assignment of error, petitioner argues that existing rule OAR 291-131-0030(1)(b) is unconstitutional because it allows prison officials to read and photocopy AICs' legal mail. DOC responds that petitioner has not sufficiently developed his argument and, regardless, it is incorrect on the merits.

Any argument that a rule is facially invalid must be sufficiently developed to allow us to make a legal determination on that issue. *Haynes v. Board of Parole*, 271 Or App 578, 579, 351 P3d 811, *rev den*, 358 Or 248 (2015). A bare allegation that the rule violates constitutional rights is insufficient.

Generally, all "incoming and outgoing mail" in a DOC facility "is subject to inspection or examination." OAR 291-131-0015(6). Inspection or examination of legal and official mail is governed by OAR 291-131-0030, which provides special processing for examination and inspection that forbids opening and examining the mail outside of an AIC's

---

[5] We understand that petitioner was transported from SRCI to the Oregon State Penitentiary between filing his opening and reply brief, and that he did not have access to the written handbook until that transfer. Regardless, he did not sufficiently develop his argument.

presence, along with reading or photocopying the contents, in most circumstances. OAR 291-131-0030(1) provides that, to qualify for special processing, legal and official mail must have the words "LEGAL MAIL" or "OFFICIAL MAIL" affixed to the addressee side of the envelope or parcel. For mail that does not have that designation, OAR 291-131-0030(1)(b) provides that "[m]ail that otherwise qualifies as legal and official mail but lacks the proper designation shall be processed as ordinary mail (that is, shall be subject to inspection; for example, opening, examination, reading or photocopying) outside the [AIC's] presence."

Petitioner argues that "DOC may require the sender to mark correspondence with the words 'legal mail' for AICs to enjoy the benefit of having their legal mail opened in their presence. But the constitution still forbids allowing DOC staff to read and copy AICs' legal mail at all." (Emphasis omitted.) Petitioner appears to argue that, even if DOC staff may open legal mail to ensure that it does not contain contraband or when it is not designated as legal mail in the manner required, it is a constitutional violation for staff to read or copy legal mail, regardless of whether it is designated as such. We conclude that petitioner has not sufficiently developed his constitutional argument that AICs have a constitutional right to not have their legal mail read or copied under any circumstances.

In his opening brief, petitioner does not identify whether he challenges the rule under the United States Constitution or the Oregon Constitution or both. Nor does petitioner cite to any particular constitutional provision that the rule allegedly violates. As DOC contends, it is not clear whether petitioner's challenge is grounded in a right to counsel, the right to access to the courts, or some other provision or provisions. Although petitioner appears to argue in his reply brief that the rule violates the First Amendment to the United States Constitution, that comes too late. In short, petitioner has not demonstrated that there exists a constitutional right, under any provision, against having any and all legal mail read or copied under any circumstances.

Finally, in his eighth and ninth assignments of error, petitioner challenges two existing rules that limit

indigent AIC envelope access to filings with the courts, not for general correspondence with attorneys. OAR 291-139-0130(6) ("Envelopes will only be provided to indigent inmates for necessary court filings."); OAR 291-139-0180(5) (providing that "sufficient envelopes and postage will be provided to mail out the original legal documents for filing with the court or paroling authority and for mailing out any required service copies"). However, as with his seventh assignment of error, petitioner has not sufficiently developed his constitutional argument. In his opening brief, petitioner does not identify whether he challenges the rules under the state or federal constitution, nor which constitutional provision the rules allegedly violate, and his arguments do not make that information readily discernible. In his reply brief, he explains that his argument is "grounded in the First Amendment" and that he challenges the rule as violating both AIC's and attorneys' rights. Because that argument was not developed in petitioner's opening brief, we do not consider it. *See Brown*, 296 Or App at 891 n 3.

OAR 291-131-0030(1)(b), OAR 291-139-0130(6), and OAR 291-139-0180(5) held valid; petition otherwise dismissed.